COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia


DERRELL WILLIAM CHAPPELLE
                                          OPINION BY
v.        Record No. 2161-97-2    JUDGE NELSON T. OVERTON
                                       SEPTEMBER 8, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     James B. Wilkinson, Judge

            Susan D. Hansen, Deputy Public Defender
            (David J. Johnson, Public Defender, on
            brief), for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Derrell William Chappelle (defendant) appeals his

convictions of robbery and use of a firearm in the commission of

a felony.  He contends the trial court erred in defining the

elements of robbery.  Specifically, defendant contends the crime

of robbery requires proof the victim felt actual fear when being

robbed.  Because we hold the common law definition of robbery

does not require proof of fear, we affirm.

     Given defendant's full confession, the facts of this case

are remarkably clear.  On the evening of April 7, 1997, Michael

Staten sat in his car on Lauralee Drive in Richmond when

defendant, wearing a mask to conceal his features, approached

Staten's car and tapped on the driver's window.  Defendant

displayed a handgun and asked Staten to give him money.  Staten

testified he felt no fear when he complied, yet he did not

surrender the money voluntarily.

Defendant took the money and a ring Staten wore and fled toward a nearby house. Staten drove his car down the block, turned it around, drove back to the house and exited the car. He then began to complain loudly to the occupants of the house that he had been robbed. Defendant fired two shots in the air and ran into the house. Police later found him hiding in the attic of the house with the gun, money and ring.

At trial, defendant moved to strike the evidence because the Commonwealth had not proven the victim was put in fear. Because Staten specifically testified he had not felt fear when he surrendered his property, defendant argued he was guilty of larceny, not robbery. The trial court ruled that, "It doesn't make any difference about him not being in fear. He might be very courageous but he gave up his money." The trial court found defendant guilty of robbery and use of a firearm in the commission of a felony and sentenced him to serve eight years.

The legal issue at bar is a narrow one: does the crime of robbery require the prosecution to prove the victim felt actual fear when he was robbed? If so, Staten's plain testimony that he was not afraid would prove fatal to the Commonwealth's case. If not, then defendant's convictions must stand. The answer to this question lies in the Commonwealth's common law tradition.

It remains an unshakable maxim that "[r]obbery is a common law crime in this State and while our statute, [Code § 18.2-58],

regulates the punishment, it does not attempt to define robbery, but leaves the crime as it was defined at common law." Brookman v. Commonwealth, 151 Va. 522, 525, 145 S.E. 358, 359 (1928). See also George v. Commonwealth, 242 Va. 264, 277, 411 S.E.2d 12, 20 (1991); Maxwell v. Commonwealth, 165 Va. 860, 864, 183 S.E. 452, 454 (1936); Butts v. Commonwealth, 145 Va. 800, 811, 133 S.E. 764, 767 (1926); Jones v. Commonwealth, 26 Va. App. 736, 738, 496 S.E.2d 668, 669 (1998). Therefore, we have but to examine the common law elements of robbery to determine if proof of fear is necessary to the Commonwealth's case.

The essential elements of common law robbery are "(1) a felonious taking, (2) accompanied by an asportation of (3) personal property of value (4) from the person of another or in his presence, (5) against his will, (6) by violence or by putting him in fear, (7) animo furandi (with the intent to steal)." 67 Am. Jur. 2d Robbery § 12 (1998) (citing Mason v. Commonwealth, 200 Va. 253, 105 S.E.2d 149 (1958)). It is element six which defendant claims was not proven at his trial. He claims the mere presentation of a firearm to Staten did not create fear and, therefore, did not satisfy element six.

While it is true Staten testified he was not afraid, element six may be satisfied even though the victim is not put in fear. The word "or" appears between the words "violence" and "putting him in fear." Because element six is constructed using the disjunctive "or," it is satisfied when a defendant instills fear

in the heart of his victim, when he perpetrates violence against the victim, or both. Proof of both conditions is not necessary so long as one is present. This interpretation of the offense of robbery is widely recognized as the law in our Commonwealth. See Mason, 200 Va. at 256, 105 S.E.2d at 151 ("robbery must be accomplished by violence to the person . . . or must be accomplished by putting such person in fear of immediate injury to his person." (emphasis added)). See also United States v. Presley, 52 F.3d 64, 69 (1995) (citing Hoke v. Commonwealth, 237 Va. 303, 310, 377 S.E.2d 595, 599 (1989)); Jones v. Commonwealth, 218 Va. 18, 22, 235 S.E.2d 313, 315 (1977) ("The 'gist' of robbery is the taking and carrying away of the personal property of another by fear or intimidation.").

If either violence or fear may precede robbery, there is little question defendant's actions served to complete the crime. Defendant, by his own words, approached the car wearing a mask. He displayed the gun to Staten and told him to give up his money. Staten characterized the event as a "stick up" and admitted he did not relinquish the property voluntarily. The violence inherent in the presentation of a firearm caused Staten to surrender his property. This is the essence of robbery. See Jones, 218 Va. at 20, 235 S.E.2d at 314 (presentation of firearm constituted violence for purposes of robbery).

We reaffirm the long-standing doctrine that proof the victim felt fear is not an indispensable element to the offense of

robbery if violence is shown.  Because the record fully supports the conclusion that such violence took place, we affirm defendant's convictions.

<u>Affirmed.</u>
