COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Overton and Senior Judge Baker
Argued at Norfolk, Virginia


BERRY ALI HANIE, S/K/A
 BARRY A. HAYNIE
                                    MEMORANDUM OPINION* BY
v.          Record No. 0002-98-1     JUDGE RICHARD S. BRAY
                                       DECEMBER 8, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Robert W. Curran, Judge

           Barry G. Logsdon (Mitchell & Logsdon, P.C.,
           on brief), for appellant.

           Robert H. Anderson, III, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     Berry Ali Hanie was convicted in a bench trial for the

robberies of Clifton Taylor and Renaldo Davila.  On appeal,

defendant challenges the sufficiency of the evidence to prove the

robbery of Davila.  We agree and reverse the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to

disposition of the appeal.

     In reviewing the sufficiency of the evidence on appeal, we

examine the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438,

443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court,

_____
     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  See Code § 8.01-680; id.

On the evening of April 10, 1997, Clifton Taylor and Renaldo Davila were walking together near the entrance to an apartment complex when defendant approached in an automobile and inquired if either man "had any money."  After both Taylor and Davila answered in the negative, defendant "stopped the car in the middle of traffic," exited the vehicle, and walked to Taylor and Davila, again asking "the same question," provoking the same response.  Defendant then remarked, "What about your jackets?  I like those jackets."  Taylor noticed that defendant concealed one hand under his shirt and, uncertain "if [he] had a gun or whatever," surrendered his jacket to defendant.

As Davila began to walk away, defendant asked Davila "if he could have [his] jacket," and Davila refused.  However, when defendant repeated the request, Davila "hesitated," and Taylor "told [him] to give [defendant] the jacket."  Davila testified that he was "a little mad," not afraid, but, nevertheless, gave defendant the jacket at Taylor's direction, although he "didn't understand."  After passing the jacket to defendant, Davila also "saw [defendant's] hand under his shirt, . . . thought he might have a gun," and "then . . . was scared."

Defendant challenges the sufficiency of the Commonwealth's evidence to establish a robbery of Davila.

"Robbery, a common law offense in Virginia, is defined as 'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Bivins v. Commonwealth, 19 Va. App. 750, 752, 454 S.E.2d 741, 742 (1995) (quoting Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968)); see Mason v. Commonwealth, 200 Va. 253, 254, 105 S.E.2d 149, 150 (1958). "From this definition it is manifest that robbery is a crime against the person." Falden v. Commonwealth, 167 Va. 542, 545, 189 S.E. 326, 328 (1937). "All elements of the common law offense must be proved beyond a reasonable doubt in order to establish that a robbery has occurred." Mitchell v. Commonwealth, 213 Va. 149, 149, 191 S.E.2d 261, 261 (1972) (citation omitted).

The element of violence or intimidation "is satisfied when a defendant instills fear in the heart of his victim, when he perpetrates violence against the victim, or both." Chappelle v. Commonwealth, 28 Va. App. 272, 275, 504 S.E.2d 378, 379 (1998). "Intimidation results when the words or conduct of the accused exercise such domination and control over the victim as to overcome the victim's mind and overbear the victim's will, placing the victim in fear of bodily harm." Bivins, 19 Va. App. at 753, 454 S.E.2d at 742. "Threats of violence or bodily harm are not an indispensable ingredient of intimidation. It is only necessary that the victim actually be put in fear of bodily harm

by the willful conduct or words of the accused."  Harris v. Commonwealth, 3 Va. App. 519, 521, 351 S.E.2d 356, 357 (1986) (quoting Falden, 167 Va. at 554, 189 S.E. at 331).

Here, absent the element of violence in the offense, the Commonwealth asserts that defendant employed intimidation to obtain Davila's jacket.  Davila testified, however, that he "wasn't scared" when he surrendered his jacket to defendant, but acted only in response to Taylor's request.  Thus, the Commonwealth established neither violence nor intimidation of Davila by defendant in taking the jacket.

Accordingly, the robbery conviction must be reversed and the case remanded for further proceedings if the Commonwealth be so advised.

Reversed and remanded.