COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton*
Argued at Norfolk, Virginia


OSCAR DALVIN ROSS, JR.

MEMORANDUM OPINION** BY
v.    Record No. 0526-98-1          JUDGE NELSON T. OVERTON
                                       FEBRUARY 16, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                         John K. Moore, Judge

                 Stephen C. Mahan (Brydges, Mahan, O'Brien &
                 Frucci, P.C., on brief), for appellant.

                 Linwood T. Wells, Jr., Assistant Attorney
                 General (Mark L. Earley, Attorney General, on
                 brief), for appellee.


     Oscar Dalvin Ross, Jr. (defendant) appeals his convictions

for robbery, in violation of Code § 18.2-58, and the use of a

firearm in the commission of a felony, in violation of Code

§ 18.2-53.1. He contends that the evidence was insufficient to

support his convictions.  We hold that the evidence was

sufficient, and we affirm.

     The parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedental

value, no recitation of the facts is necessary.

---

     *Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

     **Pursuant to Code § 17.1-413, recodifying Code
§ 17.1-116-010, this opinion is not designated for publication.

When the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  We may not disturb the conviction unless it is plainly wrong or unsupported by the evidence.  See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

Defendant first asserts that the evidence was insufficient to support his conviction for robbery because he thought the musical equipment that he took belonged to him and, therefore, he did not intend to commit robbery.  It is true that if a person has a reasonable belief that the property he takes belongs to him, no robbery has been committed, even if it is accompanied by force.  "[T]here can be no larceny of the property taken if it, in fact, is the property of the taker, or if he, in good faith, believes it is his, for there is lacking the criminal intent which is an essential element of larceny."  Butts v. Commonwealth, 145 Va. 800, 811-12, 133 S.E. 764, 767-68 (1926).  However, the trial court did not accept defendant's "claim of right" defense.  Defendant failed to present credible evidence to explain why he thought the equipment was his, yet the Commonwealth presented substantial evidence that the stolen equipment belonged to defendant's former employer.  Because the record supports the trial court's decision, we shall not disturb it.

Defendant further asserts that the evidence was insufficient to support his convictions because there was no evidence of a firearm.  We disagree.  Mr. Daniel Rosenbaum, the person from whom the musical equipment was taken, testified that two men helped defendant take the equipment.  Rosenbaum also testified that one of the men drew a small, silver-colored handgun and asked defendant to "talk to this kid," indicating Rosenbaum.  At that point both offenses were complete.  The display of a firearm in a threatening manner completed the offense of robbery, <u>see</u> <u>Chappelle v. Commonwealth</u>, 28 Va. App. 272, 504 S.E.2d 378 (1998), and the use of a firearm in the commission of a felony. <u>See</u> Code § 18.2-53.1; <u>Thomas v. Commonwealth</u>, 25 Va. App. 681, 684, 492 S.E.2d 460, 462 (1997).  Because the trial court chose to believe Rosenbaum's testimony over defendant's, the record supports the convictions.

We hold that the convictions are not plainly wrong or unsupported by the evidence.  Accordingly, they are affirmed.

<u>Affirmed.</u>