COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Overton
Argued at Chesapeake, Virginia


RICHARD BROWN, S/K/A
 RICHARD LEE BROWN
                                    MEMORANDUM OPINION* BY
v.   Record No. 2101-01-1CHIEF  JUDGE  JOHANNA  L.  FITZPATRICK
                                         JULY 30, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Edward L. Hubbard, Judge

          Myrna G. Splan for appellant.

          Steven A. Witmer, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     Richard Lee Brown (appellant) was convicted of two counts

of robbery, in violation of Code § 18.2-58; three counts of

abduction with the intent to extort money, in violation of

Code § 18.2-48; and five counts of use of a firearm during a

felony, in violation of Code § 18.2-53.1.[1]  Appellant challenges

only his convictions for the robbery of Derrick Sales and

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Code § 18.2-53.1 provides in pertinent part:  "It shall be
unlawful for any person to use or attempt to use any pistol,
shotgun, rifle, or other firearm or display such weapon in a
threatening manner while committing or attempting to
commit . . . robbery, . . . or abduction."

abduction of Reginald O'Neal and the ancillary firearm charges. He contends the evidence was insufficient to prove the offenses. For the following reasons, we affirm appellant's convictions.

## I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on January 6, 2001, appellant and codefendants, Raymond Antwan Lucas (Lucas) and Jameel Usamah McLaughlin (McLaughlin), went to the home of Andrew Lopez (Lopez) to commit a robbery.  Lopez's sister had returned from, college and several family and friends were at his house.  Lopez and Derrick Sales (Sales) returned from the store and entered the garage portion of the home, where Reginald O'Neal (O'Neal) and several others were located.  Lopez responded to a knock on the door to the exterior of the house, and appellant, Lucas and McLaughlin confronted him.  Appellant held a handgun, and one of the other codefendants had a shotgun. One of the robbers ordered Sales to lock the door to the interior of the house, and Sales and Lopez were ordered to the ground.  The other victims were already sitting around the room. The robbers said "we want whatever you all got . . . give it up."  Lopez gave up his money and saw Sales put his money with

-

Lopez's money.  The robbers picked up the money and left the garage when someone from inside the house knocked on the door.

Detective M.D. Poole testified that he questioned appellant about the robbery and that appellant admitted that:

> [W]hen he went in he was very, very drunk. He went in armed knowing it was wrong, knowing he shouldn't have gone in there with a gun, or shouldn't have gone at all, basically, that he was being one of the group, that he did order people on the ground, other people ordered people on the ground.  He denied taking any money, but he did admit there was money taken . . . .

Lopez's sister, Vivian Lopez, and her friend, Hannah Gill, also testified at trial.  Their testimony mirrored that of Lopez. Neither Sales nor O'Neal testified at trial.

In its finding, the trial court stated:

> [W]hat the Commonwealth has to do is exclude every reasonable hypothesis of innocence, as they do in all cases, and it may very well be difficult to do in a case where you don't have a confession, but you've got to remember the Commonwealth introduced the confession, they become part of the Commonwealth's case, they tie it up and exclude every reasonable hypothesis of innocence because the rest of the evidence is there from the other witnesses.

The trial court then found appellant guilty.

## II.  SUFFICIENCY OF THE EVIDENCE

In reviewing the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict."  Saunders v. Commonwealth, 242

-

Va. 107, 113, 406 S.E.2d 39, 42, cert. denied, 502 U.S. 944 (1991).

"[T]he trial court's judgment will not be set aside unless plainly wrong or without evidence to support it."  Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999). "The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination."  Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (internal citation omitted).

"This Court does not substitute its judgment for that of the trier of fact."  Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999) (citing Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992)).

### III.  ROBBERY OF SALES

Appellant first contends that, because Sales did not testify at trial, no evidence established that Sales was put in "fear of serious bodily harm" during the robbery.  We disagree.

Initially, we note that Code § 18.2-58 provides "[i]f any person commit robbery by . . . otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony . . . ."  (Emphasis added.)

In Chappelle v. Commonwealth, 28 Va. App. 272, 504 S.E.2d 378 (1998), the defendant approached the victim, wearing a mask and displaying a handgun, and asked for money.  The victim gave

-

the defendant the money and testified at trial that he felt no

fear when he did so.  Defendant appealed his conviction because

the Commonwealth failed to prove the victim was "in fear."

> The essential elements of common law robbery
> are (1) a felonious taking, (2) accompanied
> by an asportation of (3) personal property
> of value (4) from the person of another or
> in his presence, (5) against his will, (6)
> by violence or by putting him in fear, (7)
> animo furandi (with the intent to steal).
>
>    \*    \*    \*    \*    \*    \*    \*
>
> While it is true [victim] testified he was
> not afraid, element six may be satisfied
> even though the victim is not put in fear.
> The word "or" appears between the words
> "violence" and "putting him in fear."
> Because element six is constructed using the
> disjunctive "or," it is satisfied when a
> defendant instills fear in the heart of the
> victim, when he perpetrates violence against
> the victim, or both.  Proof of both
> conditions is not necessary so long as one
> is present.  This interpretation of the
> offense of robbery is widely recognized as
> the law in our Commonwealth.
>
>    \*    \*    \*    \*    \*    \*    \*
>
> If either violence or fear may precede
> robbery, there is little question
> defendant's actions served to complete the
> crime. . . .  The violence inherent in the
> presentation of a firearm caused [victim] to
> surrender his property.  This is the essence
> of robbery.
>
>    \*    \*    \*    \*    \*    \*    \*
>
> We reaffirm the long-standing doctrine that
> proof the victim felt fear is not an
> indispensable element to the offense of
> robbery if violence is shown.

Id. at 274-75, 504 S.E.2d at 379-80.

-

In the instant case, the evidence supports the trial court's finding that appellant possessed a firearm and brandished it during the robbery, that Sales gave the robbers his money, and that the robbers took the money with them when they left. Appellant confessed to entering the home armed with a gun and to knowing money was taken from the victims. Lopez saw Sales relinquish his money after being told to "give it up" at gunpoint. Code § 18.2-58 requires "fear of serious bodily harm, . . . or presenting of firearms." (Emphasis added.) Clearly, Sales relinquished his money as a result of the demands of the robbers and their presentation of the firearms.

Additionally, appellant argues that the Commonwealth cannot establish the requisite elements of the offense without the direct testimony of the victim. This argument is without merit. "Where circumstantial evidence is sufficient to exclude every reasonable hypothesis of innocence, it is sufficient to support a conviction. The hypotheses which must be thus excluded are those which flow from the evidence itself, and not from the imagination of defense counsel." Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983) (citing Turner v. Commonwealth, 218 Va. 141, 148-49, 235 S.E.2d 357, 361 (1977)).

Based on the totality of the Commonwealth's evidence, every reasonable hypothesis of innocence was excluded. Although Sales did not testify, the trial court could properly infer from the use of the firearm and surrounding facts established by the

-

other victims that Sales did not give his money to appellant voluntarily. Sufficient evidence proved appellant, while armed, robbed Sales of his money.

## IV. ABDUCTION OF O'NEAL

Appellant next contends that because O'Neal did not testify at trial, no evidence proved that O'Neal was detained against his will by force, intimidation or deception because "other witnesses can't establish what was running through O'Neal's mind." We disagree.

Code § 18.2-47 defines abduction as: "[a]ny person, who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty . . . shall be deemed guilty of 'abduction' . . . ."

Code § 18.2-48 provides: "[a]bduction . . . with the intent to extort money or pecuniary benefit, . . . shall be a Class 2 felony."

"[T]he physical detention of a person, with the intent to deprive him of his personal liberty, by force, intimidation, or deception, without any asportation of the victim from one place to another is sufficient [to prove abduction]." Scott v. Commonwealth, 228 Va. 519, 526, 323 S.E.2d 572, 576 (1984).

The evidence proved that O'Neal was one of several victims locked in the garage by the two armed men. Lopez testified that

the robbers told Sales to lock the door to the garage and that he did so.  Three of the victims testified that they were afraid to leave the garage because the men had weapons.  There is no requirement that all elements of an offense be established by a victim (see Part III) nor is any reasonable hypothesis of innocence established by the evidence.  O'Neal and the other victims were detained in the garage and told to lie or sit on the ground against their will by the two men brandishing the guns.  Thus, the trial court could properly conclude that appellant detained O'Neal with the intent to extort money by force in violation of Code § 18.2-48.

For the foregoing reasons, we affirm appellant's convictions of robbery and abduction.[2]

<u>Affirmed.</u>

---

[2] Because we affirm the convictions for robbery and abduction, the two ancillary firearm charges are also affirmed.

-