## Richmond

WILLIAM PAUL MASON v. COMMONWEALTH OF VIRGINIA.

October 13, 1958.

Record No. 4902.

Present, All the Justices.

The opinion states the case.

*George M. Martin*, for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (A. S. Harrison, Jr., Attorney General*, on brief), for the Commonwealth.

MILLER, J., delivered the opinion of the court.

William Paul Mason was convicted by a jury of robbery and his term of confinement fixed at life imprisonment. Accused insisted that the evidence was insufficient to sustain a finding of robbery, and moved to set the verdict aside as contrary to the law and evidence. His motion was overruled and judgment entered on the verdict. We granted an appeal.

The indictment charged Mason with robbery of "Joseph Grimes, by violence and intimidation, by the threat and presentation of firearms."

■ No statute in Virginia defines robbery, and to constitute robbery all of the elements essential at common law must exist. *Maxwell* v. *Commonwealth*, 165 Va. 860, 183 S. E. 452. However, § 18-163, Code 1950, prescribes the punishment for robbery, and a more severe punishment may be imposed if the crime is committed by violence to the person or by threat or presenting of a deadly weapon or instrumentality than if the robbery be committed "in any other mode or by any other means."

Robbery at common law is defined as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Clark's *Criminal Law*, 3d ed., § 105, p. 373. 2 Wharton's *Criminal Law and Procedure*, 1957 ed., Robbery, § 545, p. 241; *Butts* v. *Commonwealth*, 145 Va. 800, 133 S. E. 764; *Jones* v. *Commonwealth*, 172 Va. 615, 1 S. E. 2d 300; *Brookman* v. *Commonwealth*, 151 Va. 522, 145 S. E. 358.

■ The assignment of error, that the evidence is insufficient to support a finding of robbery, requires that the proved facts and circumstances be stated:

On the night of January 18, 1958, Joseph Grimes, a partner in the firm of Grimes and Simpson, a radio-television retail business, was seated in the store in Leesburg, Loudoun county, Virginia, in which the business is conducted. The entrance to the building is recessed, and on each side are plate glass display areas. No light was on in the store, and the only illumination was from street lights. About midnight Grimes' attention was attracted to a car that was driven past the store several times. He became apprehensive, noted the license number of the vehicle, telephoned to the sheriff's office and advised the officer on duty what he had observed, armed himself with a piece of board and stood concealed in the shadows of a partition behind the north display window. Shortly thereafter ac-

cused came to the store and hurled a large cement missile through the south plate glass window. He then entered the store and took a portable television set in his arms from the display area about two and one-half feet from the hole in the glass. While he was "crouched over" and just as he was "handing the television set to a confederate through the hole in the plate glass," Grimes, who had stepped over behind accused, hit him a blow on the right shoulder with the board.

When Grimes struck Mason, the latter spun around, threw a portable radio at Grimes and then shot four times towards Grimes with a pistol. At the first shot Grimes, who was standing in the shadows, "dived for the floor," crawled behind display merchandise, and then went upstairs for a gun. When he returned, Mason had departed.

Grimes testified "that the television was out of defendant's arms and in the arms of defendant's companion before defendant threw the radio set and started shooting"; that not until accused "fired the first shot was he in fear of any firearm," and "he meant to protect his property to the best of his ability."

Accused admitted breaking and entering the store; that the pistol introduced in evidence was used by him to fire at Grimes; and that the television set recovered shortly thereafter from the automobile being driven by him when apprehended, was the one taken from the store.

Robbery is an offense against the person. *Falden* v. *Commonwealth*, 167 Va. 542, 189 S. E. 326; 2 Wharton's *Criminal Law and Procedure, supra,* § 545.

The precise question presented is whether the violence toward or intimidation of Grimes by throwing the radio at him or by the threat and presentation of firearms preceded or was contemporaneous with the taking, or whether the violence toward or intimidation of Grimes was subsequent to the taking. If the violence or intimidation preceded or was concomitant with the taking, the offense of robbery is established; if the taking was accomplished before the violence toward or intimidation of Grimes, then it was not robbery.

The following general statement found in 46 Am. Jur., Robbery, § 19, p. 148, is pertinent to the question before us:

"The violence or intimidation must precede or be concomitant or contemporaneous with the taking. Hence, although the cases are not without conflict, the general rule does not permit a charge of

robbery to be sustained merely by a showing of retention of property, or an attempt to escape, by force or putting in fear. The above doctrine has found frequent application where force or intimidation has been exercised after the property came into the defendant's hands by stealth * * *."

What constitutes a "taking" is stated in 32 Am. Jur., Larceny, § 12, pp. 897, 898; in 12 M. J., Larceny, § 4, p. 4, "taking" is defined as follows:

"All the authorities agree in stating that in every larceny there must be an actual taking, or severance of the goods from the possession of the owner. To 'take' an article, signifies 'to lay hold of, seize or grasp it with the hands or otherwise,' and doing so, animo furandi, constitutes a felonious taking."

In 46 Am. Jur., Robbery, § 6, p. 141, the essential element of "taking and asportation" in robbery is discussed as follows:

"The actual taking and asportation of some of the victim's personal property is an essential element of robbery. In other words, there must first be a larceny—felonious taking. Supplementing the taking, as in larceny, there must be an asportation or carrying away of the goods. Severance of the goods from the owner and absolute control of the property by the taker, even for an instant, constitutes an asportation."

Under the authorities the taking in common law robbery must be accomplished by violence to the person who theretofore had the property in his possession (on his person or in his presence), or must be accomplished by putting such person in fear of immediate injury to his person.

The violence or putting in fear, to constitute the essential element in robbery, must precede, or be concomitant with, the taking of the property from the person or presence of the owner. No violence, no excitation of fear, resorted to merely for the purpose of retaining a possession already acquired, or to effect escape, will, in point of time, supply the element of force or intimidation, an essential ingredient of the offense. 77 C. J. S., Robbery, § 11, p. 457. Discussion of when the taking is completed and possession accomplished is found in 2 Wharton's *Criminal Law and Procedure*, *supra*, § 559, 77 C. J. S., Robbery, § 3, p. 450, and 22 Illinois Law Review 670.

Here no force was used towards Grimes and there was no intimidation until accused had taken the television set in his arms and handed

the article to a confederate who made off with it. The taking and asportation preceded both the violence, and the intimidation for neither occurred until after accused had passed the article to his companion and been struck by Grimes.

The facts and circumstances unquestionably show that in time sequence the taking and asportation occurred before there was any violence or intimidation by throwing the radio or by presentation of firearms.

The evidence is insufficient to support a conviction for robbery. The judgment will be reversed, the verdict of the jury set aside and the case remanded for such further proceedings as the Commonwealth may be advised.

*Reversed and remanded.*