## Alexandria

CLIFTON COURTNEY GORHAM, a/k/a JOHN DOE,

a/k/a CLIFF

v.

## COMMONWEALTH OF VIRGINIA

No. 1699-91-4

Decided February 9, 1993

COUNSEL

Catherine S. Croft, for appellant.

John H. McLees, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Clifton Courtney Gorham (appellant) appeals his misdemeanor conviction of distribution of marijuana in violation of Code § 18.2-248.1(a)(1). He argues that double jeopardy bars retrial on a lesser-included offense when conviction on the greater offense has been set aside by the trial court. We disagree and affirm the conviction.

## BACKGROUND

The appellant was originally convicted in a jury trial of distribution of more than one-half ounce but not more than five pounds of marijuana, a Class 5 felony, in violation of Code § 18.2-248.1(a)(2). At trial, appellant moved to strike the Commonwealth's evidence of felony distribution because the Commonwealth failed to prove the weight of

the marijuana involved and requested that the case be submitted to the jury only on the lesser-included offense of misdemeanor distribution. The trial judge denied the motion and submitted the case to the jury with both felony and misdemeanor instructions. The jury found the appellant guilty of felony distribution.

At a post-trial hearing, the trial judge set aside the verdict, ruling that it was error to allow the case to go to the jury on the felony charge, because, as a matter of law, the evidence was insufficient to prove that the marijuana weighed more than one-half ounce. The trial judge then ordered that

the defendant be and hereby is acquitted of the felony conviction in violation of § 18.2-248.1(a)(2); and it is further ORDERED that this case be retried only on the misdemeanor charge in violation of § 18.2-248(a)(1) of the 1950 Code of Virginia, as amended.

The appellant then moved to dismiss the misdemeanor charge on double jeopardy grounds. The trial judge denied this motion and explained his ruling:

All right. Well, it strikes me this way. This defendant was not acquitted of anything. He was, as a matter of fact, convicted of felony distribution. I set that conviction aside. You characterize that in your memo as this Court having interpreted the jury verdict to result in judicial error. There is no interpretation about it. This Court erred when it allowed this case to go to the jury as a felony. There was insufficient evidence, I'm satisfied, to permit that. Despite that, he was convicted. I set that conviction aside. That is functionally and conceptually different than having been acquitted. The issue is two-forked.

Could he be retried at this point on the felony charge? No, clearly not. That would be a violation of his protection under the Constitution. Can he be retried on the misdemeanor? I think so. I think that's conceptually and functionally distinct from retrying him on the felony charge. Functionally, what I've done is find that the Commonwealth presented insufficient evidence at the trial to justify a felony conviction, which bars forever, it seems to me, his retrial on the felony. . . . But the conviction, which it was, was set aside because of error I committed.

The appellant was retried before a jury and convicted of possession with intent to distribute not more than one-half ounce of marijuana, in violation of Code § 18.2-248.1(a)(1).

## DOUBLE JEOPARDY

■ The double jeopardy clauses of the United States and Virginia Constitutions provide that no person shall be put twice in jeopardy for the same offense. U.S. Const., amend. V; Va. Const. art. I, § 8. Each clause embodies three basic protections: ''It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'' *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989) (footnotes omitted).

■ ''It is traditional learning that the defendant who appeals a conviction and secures a reversal is generally subject to retrial for the offense involved in the appeal.'' J.L. Costello, *Virginia Criminal Law and Procedure* § 51.7-2 (1991) (citing *Ball v. United States*, 163 U.S. 662 (1896)); *Evans v. Commonwealth*, 228 Va. 468, 323 S.E.2d 114 (1984), *cert. denied*, 471 U.S. 1025 (1985). This rule is based on the concept that the original jeopardy continues through the appellate process, and extends to the retrial of the matter. *See Price v. Georgia*, 398 U.S. 323, 328-29 (1970).

■ '' 'The principle that [the Double Jeopardy Clause] does not preclude the Government's retrying a defendant whose conviction is set aside because of an *error in the proceedings* leading to conviction is a well-established part of our constitutional jurisprudence.' '' *Burks v. United States*, 437 U.S. 1, 14 (1978) (quoting *United States v. Tateo*, 377 U.S. 463, 465 (1964)). In *Burks*, the United States Supreme Court explained the justification behind this rule, stating:

> It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.

*Id.* at 15 (quoting *Tateo*, 377 U.S. at 466).

In the case at bar, the trial judge acknowledged that he committed reversible error in submitting the case to the jury with both felony and

misdemeanor instructions. Accordingly, the trial judge set the felony conviction aside. Had the trial judge properly granted the defendant's initial motion to strike the felony count, the case would have been submitted to the jury only on the misdemeanor charge of possession with intent to distribute not more than one-half ounce of marijuana. Code § 18.2-248(a)(1).

In returning a guilty verdict on the felony charge, the jury necessarily found that the Commonwealth had proved all the elements of the lesser-included offense. Therefore, the appellant has not been acquitted of the misdemeanor charge for double jeopardy purposes, because the termination of the original trial was based on the trial judge's acknowledged error and was unrelated to the appellant's factual guilt or innocence on this charge. *See Johnson v. Commonwealth*, 221 Va. 736, 743-44, 273 S.E.2d 784, 789, *cert. denied*, 454 U.S. 920 (1981). One commentator has phrased the question posed by this case as follows:

> Have the proceedings against the accused been terminated on a basis other than guilt or innocence? If the answer to that question is in the affirmative, further proceedings will usually be permitted.

J.L. Costello, *Virginia Criminal Law and Procedure* § 51.5-2 (1991).

The trial court's setting aside of the appellant's felony conviction was based on a hybrid of procedural error and insufficient evidence. It is undisputed that the trial court erred in not granting the initial motion to strike based on insufficient evidence, because the Commonwealth was unable to establish the exact weight of the marijuana. The weight of the marijuana is an essential element of the felony charge, but not an element of the lesser-included misdemeanor charge. As to the latter, the Commonwealth's evidence is sufficient if it proves that the appellant distributed *any* appreciable amount of marijuana.

■ A narrow exception to the rule set forth in *Ball* permitting retrial after a reversal for an error in the proceedings has been recognized when the reversal is necessitated because of insufficient evidence to sustain a guilty verdict. In such cases, as here, retrial on the charge for which the evidence was insufficient to convict is barred by the double jeopardy clause because the reversal or vacation of the original conviction:

means that the government's case was so lacking that it should not have even been *submitted* to the jury. Since we necessarily afford absolute finality to a jury's *verdict* of acquittal—no matter how erroneous its decision—it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty.

*Burks*, 437 U.S. at 16. Application of the *Burks* exception in this case, however, bars only a retrial on the felony charge of distribution of more than one-half ounce but less than five pounds of marijuana, because the only evidentiary insufficiency in the Commonwealth's case pertained to the proof of the amount of marijuana.[1]

We conclude that dismissal of the lesser-included offense of misdemeanor distribution is not required under *Burks*, because: (1) the appellant was not acquitted of that charge for double jeopardy purposes by the trial court's post-trial ruling; (2) the jury's verdict of guilty on the felony charge established that sufficient evidence was presented at trial to sustain a verdict for misdemeanor distribution; (3) the trial judge committed reversible error in not granting the initial motion to strike the felony charge and allowing the matter to be submitted to the jury only on the lesser-included charge; and, (4) the appellant successfully moved the trial judge to set aside the original verdict in this case because of trial error and, therefore, jeopardy continues on the lesser-included charge until the matter is completed in a defect-free proceeding.

If the trial judge had not corrected his error and denied the appellant's post-trial motion to set aside the verdict, and the appellant appealed his felony conviction to this Court, the result on appeal would be identical to the trial court's disposition of this matter. The consistent practice in Virginia, when the evidence is found insufficient to sustain a felony conviction on appeal, but sufficient to sustain a conviction on a lesser-included misdemeanor offense, has been to remand the case for retrial on the lesser-included offense. *See, e.g., Rogers v. Commonwealth*, 242 Va. 307, 410 S.E.2d 621 (1991);

---

[1] In *Burks*, "the Court did not have before it the precise question of whether the Fifth Amendment prohibition against double jeopardy precludes retrial on a lesser included offense, once the reviewing court has reversed the conviction on the greater offense because of insufficient evidence." *Ex parte Beverly*, 497 So. 2d 519, 523 (Ala. 1986), *reh'g denied*, 861 F.2d 727 (11th Cir. 1988), *and cert. denied*, 490 U.S. 1082 (1989); *see also Greene v. Massey*, 437 U.S. 19, 25 n.7 (1978).

*Cheng v. Commonwealth*, 240 Va. 26, 393 S.E.2d 599 (1990); *Stanley v. Commonwealth*, 12 Va. App. 867, 407 S.E.2d 13 (1991).

 This practice is consistent with case law from other jurisdictions that holds that a post-trial finding of insufficient evidence to support a conviction requires an acquittal only as to the greater charge for which the evidence was insufficient, but does not require acquittal of a lesser-included offense adequately supported by the evidence. *See, e.g., Ex parte Beverly*, 497 So. 2d at 523; *Dickenson v. Israel*, 482 F. Supp. 1223, 1225 (E.D. Wis. 1980), *aff'd*, 644 F.2d 308 (7th Cir. 1981); *Edwards v. State*, 452 So. 2d 506, 507-08 (Ala. Crim. App. 1983), *aff'd*, 457 So. 2d 508 (1984); *State v. Edwards*, 201 Conn. 125, 134 n.6, 513 A.2d 669, 675 n.6 (1986); *Brooks v. State*, 314 Md. 585, 601, 552 A.2d 872, 880-81 (1989). *But see Garrett v. State*, 749 S.W.2d 784, 791 (Tex. Crim. App. 1986).

We find no difference between this appellate practice and the procedure employed by the trial court in this matter. The trial court recognized and corrected its own error, dismissed the appellant's felony conviction and directed that the lesser-included offense be set down for retrial if the Commonwealth was so inclined. Finding no error in this ruling, we affirm the appellant's subsequent conviction on the misdemeanor charge.

## RULE 3A:15(c)

The appellant also argues that the trial court was without authority under the Rules of the Supreme Court of Virginia to order a retrial only on the misdemeanor charge. Rule 3A:15(c) provides:

> The court shall enter a judgment of acquittal if it strikes the evidence or sets aside the verdict because the evidence is insufficient as a matter of law to sustain a conviction. The court shall grant a new trial if it sets aside the verdict for any other reason.

The appellant contends that the trial court must decide whether the jury verdict was set aside due to insufficient evidence or some other reason. The record reflects that both insufficient evidence and procedural errors were involved in the trial court's decision to set aside the appellant's felony conviction. Therefore, the appellant argues that the trial court was precluded from ordering a new trial on the misdemeanor charge. We disagree. When a trial court has an alternative basis for striking the evidence or setting aside a verdict, the only reasonable reading of the relevant section of Rule 3A:15 is that a trial judge

should enter a judgment of acquittal as to the charge for which it finds the evidence insufficient. Accordingly, finding no error, we affirm the appellant's conviction.

*Affirmed.*

Baker, J., and Coleman, J., concurred.