COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


GREGORY WIGGINS

                                   MEMORANDUM OPINION[*]
v.        Record No. 0846-95-1    BY JUDGE JOSEPH E. BAKER
                                        APRIL 9, 1996
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
                        Glen A. Tyler, Judge

          Thomas L. Northam (Vincent, Northam & Lewis,
          on brief), for appellant.

          Monica S. McElyea, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     In this appeal by Gregory Wiggins (appellant) from his bench

trial conviction by the Circuit Court of Accomack County (trial

court), the sole issue presented is whether the evidence is

sufficient to support appellant's conviction of attempted

robbery.  We have examined the record in this case and find that

the evidence is sufficient to support his conviction.

     As the parties are conversant with the facts, we recite only

those necessary to an understanding of this opinion and view the

facts in the light most favorable to the Commonwealth, granting

to it all reasonable inferences fairly deducible therefrom.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534,

537 (1975).

---

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Appellant told the police that he initially intended to purchase $40 worth of drugs from the victim, but, as the purchase was in progress, the victim grabbed the $40 and ran away. Appellant further told the police that he then decided that since the victim "was robbing me for my money, I may as well rob him for his cocaine and money." As the victim ran from the scene, appellant shot him in the leg.

Robbery is not defined by statute in Virginia but, rather, is a common law crime. The common law defines robbery as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Mason v. Commonwealth, 200 Va. 253, 254, 105 S.E.2d 149, 150 (1958). An attempt is an "unfinished crime . . . composed of . . . the intent to commit the crime and the doing of some direct act toward its consummation, but falling short of the accomplishment of the ultimate design." Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 573 (1968).

We hold that the evidence is sufficient to support the judgment of the trial court and, accordingly, that judgment is affirmed.

Affirmed.