COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


ANTHONY VINSON LOVING

                                    MEMORANDUM OPINION[*] BY

v.    Record No. 0606-98-2       JUDGE RUDOLPH BUMGARDNER, III
                                         APRIL 13, 1999

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Arthur W. Sinclair, Judge Designate

Scott Goodman for appellant.

Daniel J. Munroe, Assistant Attorney General
(Mark L. Earley, Attorney General; Leah A.
Darron, Assistant Attorney General, on
brief), for appellee.


Anthony Vinson Loving appeals his conviction of robbery after a bench trial. He contends the evidence was insufficient to prove violence toward or intimidation of the victim. We conclude that the evidence was sufficient to prove intimidation and affirm the conviction.

On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997). The victim drove to the Barracks Road Market to buy a soft drink. When she returned,

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

she put her change in her pocketbook, and put the pocketbook on the back seat of her two-door car.  She rolled her window down and was about to leave the parking lot when the defendant and codefendant Greg Cook drove up.  They parked "kind of catty-cornered" to the victim's car, exited the vehicle, and went up to her.  The victim did not know either of them or their names, but she had seen them before.  The defendant leaned in the driver's window resting his hand on the steering wheel.  Cook was toward the back of the victim's window with his arm on the roof leaning on the car.

The defendant began talking to the victim "to distract [her] attention."  He talked for a few minutes asking her name and where she lived, commenting on her looks, and then he began asking aggressive questions such as whether she had ever had sexual relations with three men.  The victim said she could not drive off because she would have dragged them with her.  "I didn't know exactly, you know, what to do or—or if something was going to happen to me if I did do it."  "There was nothing I really could do."  "I just froze."

Cook reached into the back of the car while the defendant kept talking to the victim.  When asked what he was doing, Cook denied doing anything, but he walked to the back of her car before returning to the victim's window.  She testified that she did not turn around while Cook was reaching in the back and did

not ask additional questions "because I was the only one there." She was aware her purse was on the back seat.

There was only one other car in the store lot and it was unoccupied. The victim was alone at dusk, and she "was really scared." Finally, a friend of the victim came up and called out "Anthony" to the defendant. The defendant looked up, saw that the person knew him, then he and Cook "scrambled and got in their car and—and took off behind the store." The victim immediately turned and looked for her pocketbook, but it was not there. It contained about ten dollars in cash, jewelry valued between seven and eight hundred dollars, and her bank and credit cards. None of the items were recovered.

The defendant does not contest that a larceny took place, but claims that he neither took the pocketbook nor participated in the crime. We find his argument unpersuasive. The defendant admits that the pocketbook was stolen while he engaged the victim in "crude conversation." The trial court held that the defendants were engaged in a "joint venture." The trial court's judgment will not be disturbed on appeal unless plainly wrong or without evidence to support it, see Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc), and the evidence supports such a finding. "[P]roof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, . . . the jury [can] infer

that he assented thereto, . . . and was thereby aiding and abetting the same." Foster v. Commonwealth, 179 Va. 96, 99-100, 18 S.E.2d 314, 315-16 (1942). See McGill v. Commonwealth, 24 Va. App. 728, 733, 485 S.E.2d 173, 175 (1997).

The defendant's main contention is that the robbery conviction cannot stand because his conduct did not constitute the use of violence or intimidation directed at the victim. We agree that the defendant's conduct did not constitute the use of violence, force, or threat. However, it is not necessary that threats be made for a robbery conviction to stand. See Bivins v. Commonwealth, 19 Va. App. 750, 753, 454 S.E.2d 741, 742 (1995) ("Intimidation differs from threat in that it occurs without an express threat by the accused to do bodily harm." (citations omitted)).

Robbery, a common law offense, is defined as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968). See Mason v. Commonwealth, 200 Va. 253, 255-56, 105 S.E.2d 149, 151 (1958). "The alternative elements of violence or intimidation have been further defined as the use of 'force, threat or intimidation.'" Bivins, 19 Va. App. at 752, 454 S.E.2d at 742 (emphasis added) (citation omitted). Therefore, the issue is whether defendant's conduct

placed the victim in fear of bodily harm.  See United States v. Wagstaff, 865 F.2d 626, 628 (4th Cir.), cert. denied, 491 U.S. 907 (1989); Chappelle v. Commonwealth, 28 Va. App. 272, 275, 504 S.E.2d 378, 379 (1998); Winn v. Commonwealth, 21 Va. App. 179, 181-82, 462 S.E.2d 911, 912-13 (1995); Bivins, 19 Va. App. at 752, 454 S.E.2d at 742.

"Intimidation results when words or conduct of the accused exercise such domination and control over the victim as to overcome the victim's mind and overbear the victim's will, placing the victim in fear of bodily harm."  Bivins, 19 Va. App. at 753, 454 S.E.2d at 742.  "It is only necessary that the victim actually be put in fear of bodily harm by the willful conduct or words of the accused."  Harris v. Commonwealth, 3 Va. App. 519, 521, 351 S.E.2d 356, 357 (1986) (citations omitted). "The test in this circuit for intimidation under [the bank robbery statute] is whether '"an ordinary person in the [victim's] position reasonably could infer a threat of bodily harm from the defendant's acts."'"  United States v. Woodrup, 86 F.3d 359, 363 (4th Cir.), cert. denied, 117 S. Ct. 332 (1996) (quoting United States v. Wagstaff, 865 F.2d 626, 628 (4th Cir.), cert. denied, 491 U.S. 907 (1989)).  Where the defendant's conduct amounts to intimidation or is reasonably calculated to produce fear, see United States v. Amos, 566 F.2d 899, 901 (4th Cir. 1977), and is concomitant with a taking, the

-

evidence is sufficient to support a conviction for robbery.  See Mason, 200 Va. at 256, 105 S.E.2d at 151.

Here, the defendant and Cook created an atmosphere of intimidation.  The victim was alone in her car, at dusk, in a deserted parking lot.  Two males unexpectedly appeared at her door, leaned into her car, and made aggressive sexual conversation.  The victim was afraid, did not know what was going to happen, and "just froze."  The fact finder was entitled to infer that defendant's intimidating words and conduct induced the victim's fear, was intended to distract her while Cook stole the pocketbook, and resulted in the victim's unwilling acquiescence in the taking.  See Harris, 3 Va. App. at 521, 351 S.E.2d at 357.

The victim did not need to know exactly what Cook was doing when he reached in the back of the car.  The victim does not need to know that her property is being taken for robbery to be committed.  See Bunch v. Commonwealth, 225 Va. 423, 440, 304 S.E.2d 271, 280, cert. denied, 464 U.S. 977 (1983) (irrelevant whether victim was dead when taking occurred).  See also Williams v. Kelly, 816 F.2d 939, 948 (4th Cir. 1987) ("Under Virginia law, the absence of direct evidence of the timing of the intimidation or violence in relation to the taking of the property is not necessarily fatal to a finding that the defendant committed a robbery.").

The victim did not resist Cook's reaching into the back of the car, did not look to see what he was doing, and did not check whether her pocketbook was gone.  These are facts "from which a reasonable and justifiable inference could have been drawn" that the taking of the pocketbook was accomplished by defendant's intimidating words and conduct.  Williams, 816 F.2d at 948.  See Mason, 200 Va. at 256, 105 S.E.2d at 151.  She took no action to secure her property because of the intimidating confrontation with the defendant.

We find that the evidence establishes that the defendant's intimidating conduct and words occasioned the taking. Accordingly, we affirm the conviction for robbery.

Affirmed.