Tuesday        14th

        January, 2003.


Eric Cherron Jones,                                      Appellant,

  against      Record No. 2817-01-1
              Circuit Court Nos. CR01-637-00, CR01-637-02
                            and CR01-637-03

Commonwealth of Virginia,                                Appellee.


                    Upon a Petition for Rehearing

              Before Judges Benton, Frank and Humphreys


        On December 10, 2002 came the appellee, by the Attorney

General of Virginia, and filed a petition praying that the Court

set aside the judgment rendered herein on November 26, 2002, and

grant a rehearing thereof.

        Upon consideration whereof, the petition for rehearing

is denied with regard to appellee's request that the judgments of

the trial court pertaining to appellant's convictions of robbery

(CR01-637-02) and use of a firearm in the commission of robbery

(CR01-637-03) be affirmed.

        Upon further consideration whereof, the petition for

rehearing is granted with regard to appellee's request that the

robbery conviction be remanded to the trial court for a new trial

for larceny if the Commonwealth be so advised.  Accordingly, the

opinion rendered herein on November 26, 2002 is withdrawn and the

mandate entered that date is vacated.  A revised opinion is

issued this date and a mandate entered accordingly.


                        A Copy,

Teste:

    Cynthia L. McCoy, Clerk

By:

    Deputy Clerk

Present:  Judges Benton, Frank and Humphreys
Argued at Chesapeake, Virginia


ERIC CHERRON JONES

                                              OPINION BY
v.    Record No. 2817-01-1           JUDGE JAMES W. BENTON, JR.
                                           JANUARY 14, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                  William C. Andrews, III, Judge

          Corry Smith-Ashley for appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     The trial judge convicted Eric Cherron Jones of robbery,

use of a firearm in the commission of robbery, and possession of

a firearm after having been convicted of a felony.  Jones

contends the trial judge erred in ruling that the larceny was

not complete when Jones displayed his firearm and, therefore, a

robbery occurred.  For the reasons that follow, we reverse the

convictions for robbery and use of a firearm in the commission

of robbery.

                               I.

     The facts are undisputed.  Jones entered a retail shoe

store, examined a pair of boots, concealed the boots inside his

pants, and exited the store without paying for the boots.  The

manager of the store saw Jones commit these acts and followed

Jones as he walked out of the store to the parking lot. The manager first confronted Jones in the parking lot and asked Jones to give him the boots. When Jones denied having any boots, the manager told Jones he had seen him put the boots in his pants. Jones then displayed a firearm and told the manager to "back . . . off." Jones ran to a car and drove away.

Jones's attorney moved to strike the evidence on the robbery related indictments and argued that the evidence failed to prove robbery because the taking was complete when Jones displayed the weapon. The trial judge ruled there was "not a point at which the taking is complete" and convicted Jones of robbery, use of a firearm in the commission of robbery, and possession of a firearm after having been convicted of a felony.

## II.

The principles applicable to the issue before us are well established. Robbery is a common law offense in Virginia, requiring proof of a "'taking with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Pritchard v. Commonwealth, 225 Va. 559, 561, 303 S.E.2d 911, 912 (1983) (citation omitted).

> The violence or putting in fear, to constitute the essential element of robbery, must precede, or be concomitant with, the taking of the property from the person or presence of the owner. No violence, no excitation of fear, resorted to merely for the purpose of retaining a possession

already acquired, or to effect escape, will,
in point of time, supply the element of
force or intimidation, an essential
ingredient of the offense.

Mason v. Commonwealth, 200 Va. 253, 256, 105 S.E.2d 149, 151
(1958). Because "there is a temporal correlation among [the]
elements" necessary to prove robbery, the evidence must prove
"[t]he violence . . . occur[ed] before or at the time of the
taking." Branch v. Commonwealth, 225 Va. 91, 94, 300 S.E.2d 758,
759 (1983). Thus, the Supreme Court has held that "'a charge of
robbery [may not] be sustained merely by a showing of retention
of property, or an attempt to escape, by force or putting in
fear.'" Mason, 200 Va. at 255-56, 105 S.E.2d at 151. The Court
noted that this rule "has found frequent application where force
or intimidation has been exercised after the property came into
the defendant's hands by stealth." Id. at 256, 105 S.E.2d at
151.

The evidence proved that Jones took the boots in the store
and concealed them on his person by stealth. He then carried the
hidden boots from the store to the parking lot unhindered. In so
doing, he severed the boots from the possession of the owner.
Id. When he was confronted by the manager in the parking lot,
the evidence established that he then displayed the gun. At that
point, the gun was used to assist in retention of the boots or to
facilitate Jones's escape. By then, the taking had been
accomplished.

We hold, therefore, the evidence was insufficient to prove a
robbery. Accordingly, we reverse the convictions for robbery and
use of a firearm in the commission of robbery, and we remand for

a new trial for larceny if the Commonwealth be so advised.  <u>See</u> <u>Gorham v. Commonwealth</u>, 15 Va. App. 673, 677–79, 426 S.E.2d 493, 496–97 (1993); <u>see also</u> <u>Woodard v. Commonwealth</u>, 27   Va. App. 405, 410, 499 S.E.2d 557, 559–60 (1998).

<u>Reversed and remanded</u>,
<u>in part; reversed and</u>
<u>dismissed, in part</u>.

Present:  Judges Benton, Frank and Humphreys
Argued at Chesapeake, Virginia


ERIC CHERRON JONES
                                        OPINION BY
v.    Record No. 2817-01-1         JUDGE JAMES W. BENTON, JR.
                                          NOVEMBER 26, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                  William C. Andrews, III, Judge

            Corry Smith-Ashley for appellant.

            Virginia B. Theisen, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     The trial judge convicted Eric Cherron Jones of robbery, use of a firearm in the commission of robbery, and possession of a firearm after having been convicted of a felony.  Jones contends the trial judge erred in ruling that the larceny was not complete when Jones displayed his firearm and, therefore, a robbery occurred.  For the reasons that follow, we reverse the convictions for robbery and use of a firearm in the commission of robbery.

                                I.

     The facts are undisputed.  Jones entered a retail shoe store, examined a pair of boots, concealed the boots inside his pants, and exited the store without paying for the boots.  The manager of the store saw Jones commit these acts and followed

Jones as he walked out of the store to the parking lot. The manager first confronted Jones in the parking lot and asked Jones to give him the boots. When Jones denied having any boots, the manager told Jones he had seen him put the boots in his pants. Jones then displayed a firearm and told the manager to "back . . . off." Jones ran to a car and drove away.

Jones's attorney moved to strike the evidence on the robbery related indictments and argued that the evidence failed to prove robbery because the taking was complete when Jones displayed the weapon. The trial judge ruled there was "not a point at which the taking is complete" and convicted Jones of robbery, use of a firearm in the commission of robbery, and possession of a firearm after having been convicted of a felony.

## II.

The principles applicable to the issue before us are well established. Robbery is a common law offense in Virginia, requiring proof of a "'taking with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Pritchard v. Commonwealth, 225 Va. 559, 561, 303 S.E.2d 911, 912 (1983) (citation omitted).

> The violence or putting in fear, to
> constitute the essential element of robbery,
> must precede, or be concomitant with, the
> taking of the property from the person or
> presence of the owner. No violence, no
> excitation of fear, resorted to merely for
> the purpose of retaining a possession

already acquired, or to effect escape, will,
in point of time, supply the element of
force or intimidation, an essential
ingredient of the offense.

Mason v. Commonwealth, 200 Va. 253, 256, 105 S.E.2d 149, 151
(1958).  Because "there is a temporal correlation among [the]
elements" necessary to prove robbery, the evidence must prove
"[t]he violence . . . occur[ed] before or at the time of the
taking."  Branch v. Commonwealth, 225 Va. 91, 94, 300 S.E.2d 758,
759 (1983).  Thus, the Supreme Court has held that "'a charge of
robbery [may not] be sustained merely by a showing of retention
of property, or an attempt to escape, by force or putting in
fear.'"  Mason, 200 Va. at 255-56, 105 S.E.2d at 151.  The Court
noted that this rule "has found frequent application where force
or intimidation has been exercised after the property came into
the defendant's hands by stealth."  Id. at 256, 105 S.E.2d at
151.

The evidence proved that Jones took the boots in the store
and concealed them on his person by stealth.  He then carried the
hidden boots from the store to the parking lot unhindered.  In so
doing, he severed the boots from the possession of the owner.
Id.  When he was confronted by the manager in the parking lot,
the evidence established that he then displayed the gun.  At that
point, the gun was used to assist in retention of the boots or to
facilitate Jones's escape.  By then, the taking had been
accomplished.

We hold, therefore, the evidence was insufficient to prove a
robbery.  Accordingly, we reverse the convictions for robbery and
use of a firearm in the commission of robbery, and we dismiss

those indictments.

<u>Reversed and dismissed.</u>