COURT OF APPEALS OF VIRGINIA

Present:   Judges Annunziata, Clements and Kelsey
Argued at Salem, Virginia


RICHARD D. CROWDER, II

                                                OPINION BY
v.       Record No. 2423-02-3        JUDGE D. ARTHUR KELSEY
                                          NOVEMBER 12, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

Frankie C. Coyner for appellant.

Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


The trial court found the appellant, Richard D. Crowder, II, guilty of felony destruction of property valued in excess of $1,000 under Code § 18.2-137(B)(ii). On appeal, Crowder contends that no evidence proved that the value of the property destroyed exceeded $1,000. Agreeing with Crowder, we reverse the felony conviction and remand the case for retrial, if the Commonwealth is so advised, on the lesser-included offense of misdemeanor destruction of property under Code § 18.2-137(B)(i).

I.

When examining a challenge to the sufficiency of the evidence on appeal, "the evidence and all reasonable inferences flowing therefrom must be viewed in the light most favorable to the prevailing party in the trial court." Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citations omitted). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Craddock v. Commonwealth, 40 Va. App. 539, 542-43, 580 S.E.2d 454, 456 (2003) (citations omitted).

On June 16, 2001, Crowder drove his brother's new Chevrolet ZR2 pickup truck to a party in Augusta County. After spending some time at the party, Crowder asked an acquaintance, Brian Thomas, if he would like to go for a ride in the new truck. Thomas agreed and the two men, with Crowder driving, proceeded to a nearby field that was leased by Neil Cash. Cash raised barley in the field and, at the time Crowder drove into it, the barley was "within eight to ten days of being ready to harvest." Upon entering the field, Crowder "drove through" and "did donuts" in the crops. The truck, according to Cash, "just shattered the barley all over the ground" and left ruts in the ground.

Cash's son, Joshua Cash, saw the truck driving in the field and drove his truck over to confront Crowder. Thomas and Crowder, seeing Joshua Cash approaching, departed from the field by "jumping a bank" onto the highway. Joshua Cash, however, obtained the license plate number from the truck and reported the incident to the sheriff.

Deputies subsequently arrested Crowder, and a grand jury indicted him for feloniously causing damage "in excess of $1000.00 to property belonging to Neil Cash, in violation of Virginia Code Section 18.2-137."

During the bench trial, the Commonwealth called Neil Cash to testify regarding the damage to the property. On direct examination, the following colloquy occurred:

Q.     It's been alleged that the damage to your property was in the amount of $2,000.00.

MR. GARNETT:

Judge, he's going to have to question — put that in the form of a question. I — I think he just needs to ask him a question about the value, not suggest what the answer is.

MR. SMITH:

Your Honor, the indictment read that the amount of damage was $2,000.00.

COURT:

I understand that. Go ahead.

Q.     How — how did you arrive at the amount of damage that was done to your property, sir?

A.     Well, I figured — I had two — three other farmers there to come and give me an estimate on what they thought the property damage was. That's taking into consideration plowing, working the ground, re-seeding. I put down grass seed. Now I'm going to have to go back and do it over because of the ruts and stuff in it.

At the conclusion of the Commonwealth's case in chief, Crowder moved to strike the evidence on the ground that the Commonwealth had not proved the "value of the crops." The Commonwealth responded that Cash "had three independent estimates made by three other farmers who all are aware of value [sic] of barley" and that "the value is based on fair market value," which Cash and the three other farmers "are capable" of estimating. Crowder objected and argued that these were facts not in evidence because Cash never testified to the fair market value of the damaged crops as of the date of the incident. Nor did Cash adopt, Crowder contended, the $2,000 figure mistakenly cited by the prosecutor as the amount of damage alleged by the grand jury in the indictment.

The trial court overruled the motion to strike. After neither party submitted further evidence regarding the value of the barley, Crowder asked the Court to "incorporate" in his "closing arguments the comments that I made previously about the fair market value of the . . . crop." The trial court again overruled the motion to strike and found Crowder guilty of felony destruction of property valued in excess of $1,000 under Code § 18.2-137(B)(ii).

II.

When faced with a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). When a jury decides the case, Code § 8.01-680 requires that "we review the jury's decision to see if reasonable jurors could have made the choices that the jury did make. We let the decision stand unless we conclude no rational juror could have reached that decision." Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*), aff'd, 2003 Va. LEXIS 95 (Va. Oct. 31, 2003) (per curiam). The same standard applies when a trial judge sits as the factfinder because the "judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict." Cairns v. Commonwealth, 40 Va. App. 271, 293, 579 S.E.2d 340, 351 (2003) (citation omitted); see also Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906-07 (2001).[1]

Put another way, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). We must instead ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319 (emphasis in original)); see also Hoambrecker v. Commonwealth, 13 Va. App. 511, 514, 412

---

[1] Unless the factfinder acted unreasonably, we consider it our duty not to "substitute our judgment for that of the trier of fact," Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (citation omitted), "even were our opinion to differ," Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (citation omitted); see also Mohajer v. Commonwealth, 40 Va. App. 312, 321, 579 S.E.2d 359, 364 (2003) (*en banc*); Pease, 39 Va. App. at 355, 573 S.E.2d at 278.

S.E.2d 729, 731 (1992) (observing that the question on appeal is whether "a rational trier of fact could have found the essential elements" of the convicted offense). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).[2]

Governed by this standard of review, we find that no rational factfinder could have found beyond a reasonable doubt that the Commonwealth proved the $1,000 threshold value element of the felony destruction of property charge under Code § 18.2-137(B)(ii). Though we agree with the Commonwealth that Cash, as the owner of the damaged crop, could have given an admissible lay opinion on its value, Lester v. Commonwealth, 30 Va. App. 495, 504-05, 518 S.E.2d 318, 322 (1999),[3] the fact is, he never did.

At trial, the prosecutor took the position that his interrupted attempt at a leading question on direct examination ("It's been alleged that the damage to your property was in the amount of

---

[2] This deference applies not only to the historical facts themselves, but the inferences from those facts as well. "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).

[3] As we recently explained:

It is generally recognized that the opinion testimony of the owner of property, because of his relationship as owner, is competent and admissible on the question of the value of such property, regardless of his knowledge of property values. It is not necessary to show that he was acquainted with the market value of such property or that he is an expert on values. He is deemed qualified by reason of his relationship as owner to give estimates of the value of what he owns.

King v. King, 40 Va. App. 200, 212-13, 578 S.E.2d 806, 813 (2003) (quoting Haynes, Executrix v. Glenn, 197 Va. 746, 750, 91 S.E.2d 433, 436 (1956)); see also Snyder Plaza Prop., Inc. v. Adams Outdoor Ad., Inc., 259 Va. 635, 644, 528 S.E.2d 452, 458 (2000) ("We have recognized the general rule that an owner of property is competent and qualified to render a lay opinion regarding the value of that property."); Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997) ("The opinion testimony of the owner of the stolen item generally is competent and admissible on the issue of the value of that property.").

$2,000."), coupled with his mistaken description of the indictment ("Your Honor, the indictment read that the amount of damage was $2,000.00."), somehow established $2,000 as the damage estimate. Suffice it to say, however, counsel cannot testify[4] and indictments are not evidence.[5]

True, admissible or not, the prosecutor's comments about the $2,000 figure could have been adopted by Cash in his testimony absent a valid objection. Cash, however, was never asked if he agreed with the $2,000 figure. The only question asked of Cash was "How — how did you arrive at the amount of damage that was done to your property, sir?" His elliptic reply was that he had obtained estimates from two or three other farmers. Cash never said what those estimates were. Nor did Cash say whether those estimates confirmed the $1,000 allegation of the indictment or the $2,000 figure erroneously attributed by the prosecutor to the indictment.

By his silence, Cash may have implicitly agreed with the $2,000 figure. But to accept this supposition as a substitute for evidence, in our judgment, pushes the concept of reasonable inferences into the realm of *non sequitur*. An inference "permits a finder of fact to conclude the existence of one fact from the proof of one or more other facts." Carfagno v. Commonwealth, 39 Va. App. 718, 727, 576 S.E.2d 765, 769 (2003) (citations and quotation marks omitted). It allows a factfinder to reason "from basic facts to ultimate facts." Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Properly used, however, an inference may only extend a syllogism — not begin one.

---

[4] See Commonwealth v. Sluss, 14 Va. App. 601, 607, 419 S.E.2d 263, 267 (1992) ("Representations by counsel are not evidence that a court may properly consider."); Graves v. Graves, 4 Va. App. 326, 332, 357 S.E.2d 554, 558 (1987) ("Mere representations by counsel are not evidence.").

[5] See Swift v. Commonwealth, 199 Va. 420, 425, 100 S.E.2d 9, 13 (1957) ("It is elementary that the issuance of a warrant or the return of an indictment by a grand jury is not evidence of the guilt of the accused.").

In short, from the record before us, no rational factfinder could conclude that the evidence proved beyond a reasonable doubt that the damage to Cash's crop exceeded the $1,000 required for a felony conviction under Code § 18.2-137(B)(ii).[6]  For this reason, we reverse Crowder's conviction.

That said, we disagree with Crowder's assertion that a reversal precludes further proceedings against him.  The trial court in this case specifically found that Cash's crop sustained economic damage.  Though we find no testimony measuring that damage in excess of $1,000, Cash clearly testified that some measurable damage occurred to the crop.  Thus, the Commonwealth made a sufficient showing for a misdemeanor conviction for the lesser-included charge of intentional property damage under Code § 18.2-137(B)(i), which requires no threshold damage value.

When an appellant successfully challenges the sufficiency of the evidence on some (but not all) aspects of his conviction, we must determine if the proven elements of the original charge qualify as a lesser-included offense.  If so, the appropriate remedy on appeal is a reversal of the conviction on the greater charge and a remand of the lesser charge for retrial — assuming the Commonwealth, in its prosecutorial discretion, chooses to go forward on the lesser charge.  See generally Gorham v. Commonwealth, 15 Va. App. 673, 678, 426 S.E.2d 493, 496 (1993) (observing that the "consistent practice in Virginia, when the evidence is found insufficient to

_____

[6] The Commonwealth contends that Crowder waived this argument under Rule 5A:18 because he did not specifically object that the Commonwealth "never established a particular figure for the valuation . . . ."  We disagree.  Crowder objected to the Commonwealth's leading question regarding the quantum of damage, stating: "Judge, he's going to have to question — put that in the form of a question.  I — I think he just needs to ask him a question about the value, not suggest what the answer is."  Later, during his motion to strike, Crowder argued that "the Commonwealth has not adequately demonstrated the fair market value of whatever they're talking about here — a barley field, on the date that this gentleman is — the date that they're talking about."  At the end of the trial, Crowder renewed his motion to strike, asking the court to "incorporate in my closing arguments the comments that I made previously about the fair market value of the — of the crop."  Thus we find that Crowder properly preserved this issue for appeal.

sustain a felony conviction on appeal, but sufficient to sustain a conviction on a lesser-included misdemeanor offense, has been to remand the case for retrial on the lesser-included offense").[7]

### III.

Finding the evidence insufficient to establish the statutory $1,000 threshold, we reverse Crowder's conviction for felony destruction of property under Code § 18.2-137(B)(ii). Because the evidence sufficiently establishes every element of the lesser-included offense of misdemeanor destruction of property under Code § 18.2-137(B)(i), we remand this matter for retrial if the Commonwealth be so advised.

<u>Reversed and remanded</u>.

---

[7] See, e.g., Jones v. Commonwealth, 39 Va. App. 545, 549, 574 S.E.2d 767, 768 (2003) ("Accordingly, we reverse the convictions for robbery and use of a firearm in the commission of robbery, and we remand for a new trial for larceny if the Commonwealth be so advised."); Woodard v. Commonwealth, 27 Va. App. 405, 410, 499 S.E.2d 557, 559-60 (1998) ("Accordingly, we reverse the conviction and remand the case for a new trial for assault and battery, if the Commonwealth be so advised."); Johnson v. Commonwealth, 5 Va. App. 529, 535, 365 S.E.2d 237, 240 (1988) ("Accordingly, we reverse and vacate the conviction for aggravated sexual battery and remand this case to the trial court for a new trial for assault and battery if the Commonwealth be so advised.").