COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Beales and Senior Judge Frank
Argued at Richmond, Virginia


JIMMY JOE WILLIAMS

MEMORANDUM OPINION[*] BY
JUDGE RANDOLPH A. BEALES

v.      Record No. 0296-15-2

DECEMBER 8, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge

Travis R. Williams (Todd M. Ritter; Daniels, Williams, Tuck &
Ritter, on brief), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Jimmy Joe Williams (appellant) was convicted in a bench trial of one count of carrying a

concealed weapon without a permit, second or subsequent offense, in violation of Code

§ 18.2-308.  Appellant argues on appeal that the trial court erred in finding appellant guilty of

carrying a concealed weapon without a permit because the evidence was insufficient to prove intent.

I.  BACKGROUND

We consider the evidence on appeal "in the light most favorable to the Commonwealth as

we must since it was the prevailing party" in the trial court.  Beasley v. Commonwealth, 60

Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296,

330, 601 S.E.2d 555, 574 (2004)).

So viewed, the evidence established that on November 28, 2013, appellant was involved

in a traffic accident while operating his scooter.  Appellant testified that at the time of the

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

accident, he was wearing a long-sleeved shirt, a long-sleeved sweater, a waist-length black jacket, and a long, orange raincoat. The trial court determined that the coat, which appellant showed the trial court, "comes down to the mid thighs." Appellant also had a handgun on his person that he had owned for two or three years. Appellant testified that he did not have a concealed carry permit at the time of the accident because he had been convicted of driving under the influence in 2012 and was precluded from applying for a concealed carry permit for three years. The trial court accepted into evidence appellant's June 20, 2012 conviction order for his first violation of carrying a concealed weapon. He was convicted of that first violation approximately a year and a half before he was arrested and charged with this second violation of carrying a concealed weapon that is currently on appeal.

Appellant testified that, when he traveled on his scooter, he kept his handgun exposed by moving his coat in a certain way. He demonstrated this action for the trial court. The trial court accepted as an exhibit the holster appellant wore the day of the accident. The holster is made to attach to a person's belt, and it has belt loops to allow the wearer to thread his or her belt through the back of the holster in order to attach it to his belt and waist. Thus, the holster, if attached to the belt, sits very close to the body at waist level. The trial court had a chance to observe the holster and the coat at trial. Despite appellant's initial testimony that he kept the handgun exposed, when asked by trial counsel whether the handgun was exposed prior to the accident, appellant said, "Yes. To be honest about this it's problematic when riding the scooter . . . ." When appellant was asked by the Commonwealth, "Is it your testimony that [the coat] stayed there behind that holster while you were going 35 miles an hour?" Appellant responded, "My testimony is that I guess, I probably, the jacket, yes."

Appellant was driving his scooter on the road when a car pulled out in front of him. Appellant testified that he then lost control, "went over the handlebars," and slid across the

pavement to the curb. Appellant further testified that while he was lying there, an officer (who was not present at trial) came up and felt his side. Appellant did not tell the officer that he had a handgun. Later, appellant was taken into the ambulance and was examined by emergency medical technicians (EMTs). Appellant testified that, by the time he got into the ambulance, he realized that his coat was covering his handgun. While he was being examined, appellant did not tell the EMTs that he had a weapon on his person. Upon being released, appellant exited the ambulance.

About eight to ten minutes after Officer Brian Martonik, an officer with the Chesterfield County Police Department, first arrived on the scene, an EMT approached him. The EMT handed Officer Martonik a handgun magazine and mentioned that appellant might have a gun on his person. Officer Martonik then approached appellant, who was out of the ambulance. Appellant was wearing his long coat, which covered his waist. Officer Martonik did not observe a handgun on appellant's person. He asked appellant if he had a firearm, and appellant told the officer that he did. Officer Martonik then asked appellant to pull his coat up. Appellant complied, revealing the handgun holstered on his belt. Officer Martonik testified that, as appellant was pulling up his coat, "[h]e said it was cold outside and he couldn't keep the gun outside. He said he tried to keep the gun outside but he couldn't because of the coat." The trial court ultimately concluded in finding appellant guilty that appellant was intentionally keeping his handgun covered by his coat.[1]

---

[1] In making its finding the trial court stated, "Intentional, this is a situation where he had a coat that would cover it. Nonetheless, when he first observed the coat and the coat is down against the gun, and it's his responsibility to make sure he follows the law."

II. ANALYSIS

Standard of Review

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. Any issues of statutory interpretation are reviewed *de novo*.

Appellant's Intent to Conceal his Handgun

Appellant contends that "[t]he trial court erred by finding sufficient evidence to convict the defendant for carrying a concealed weapon, where the evidence failed to establish the defendant *intentionally* carried a concealed weapon on or about his person." When the trial court pronounced sentence, it found that appellant intentionally concealed the handgun on his person. Assuming without deciding that intent is an element of the offense of Code § 18.2-308(A), we find no error with the trial court's decision because a rational trier of fact could conclude that the evidence is sufficient.

- 4 -

Considering the evidence in the light most favorable to the Commonwealth, as we must because the Commonwealth prevailed below, we hold that the evidence was sufficient for a rational factfinder to conclude that appellant intentionally concealed his handgun from common observation. Appellant argued that "the evidence showed that despite William[s]'s deliberate and intentional efforts to 'open carry' in full compliance with the law, his intentions were thwarted when his holstered weapon became covered by his jacket in the turmoil of his accident – an unforeseen event." However, appellant fails to point out that *after* the accident and after all medical treatment was completed, appellant intentionally decided not to reveal the handgun or uncover it – despite realizing sometime earlier that the handgun had become hidden.

Appellant knew how easily his handgun could become concealed when wearing his long coat that fell to his mid-thighs. Appellant also acknowledged that he realized that his coat was covering his handgun by the time he was in the ambulance. Appellant was soon released by the EMTs and began speaking with Officer Martonik outside of the ambulance, yet appellant did not take his coat off or expose his handgun. However, when Officer Martonik asked appellant if he had a gun, appellant responded in the affirmative. When Officer Martonik asked appellant to show him the gun, appellant lifted his coat up to reveal it to the officer. Officer Martonik testified that, as appellant was lifting up his coat, appellant told him that "he tried to keep the gun outside but he couldn't because of the coat." Thus, appellant's statements showed that he realized his coat was covering his handgun, did nothing about it, exited the ambulance, began talking to an officer, and still did nothing to expose the gun or alert the officer or the EMTs to it. Only when Officer Martonik asked did appellant then admit to having a handgun and actually show it to the officer. As appellant was lifting up his coat to reveal the handgun, he made the excuse that it was cold outside and that he could not keep the handgun exposed because of his coat. However, appellant's desire to keep warm does not negate his intent to keep the gun

- 5 -

hidden, especially when appellant knew that his coat was so long that it would cover his handgun. The totality of this evidence all points to the conclusion that appellant intentionally kept the handgun concealed – both before the accident (as he rode his scooter down the highway wearing a long coat that at least at times covered the handgun) and after he had been treated and released by the EMTs. He only revealed the handgun when asked directly by Officer Martonik to do so.

### III. CONCLUSION

In summary, a rational trier of fact could find, as the trial court did here, that appellant intentionally concealed his handgun. Therefore, we affirm appellant's conviction for carrying a concealed weapon without a permit, second or subsequent offense, in violation of Code § 18.2-308(A).

<u>Affirmed.</u>