COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia


DONALD KELLISON, S/K/A
  DONALD RAY KELLISON, JR.
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0269-10-2          CHIEF JUDGE WALTER S. FELTON, JR.
                                                    NOVEMBER 23, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
James F. D'Alton, Jr., Judge

Terry R. Driskill for appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Following a bench trial, Donald Kellison, s/k/a Donald Ray Kellison, Jr. ("appellant") was

convicted of three counts of possession of child pornography in violation of Code

§ 18.2-374.1:1(A).[1]  On appeal, appellant contends that the three photographs, for which he was

convicted of possession of child pornography, do not meet the "lewd exhibition of nudity"

requirement of child pornography as defined in Code § 18.2-374.1(A).  For the following

reasons, we affirm the judgment of the trial court.

As the parties are fully conversant with the record in this case, we recite only those facts

and incidents of the proceedings as are necessary to the disposition of this appeal.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also tried and convicted of production of child pornography in violation
of Code § 18.2-374.1(B)(3).  In his assignment of error, appellant failed to assert the trial court
erred in convicting him of production of child pornography.  See Rule 5A:12(c)(1)(i) ("Only
assignments of error assigned in the petition for appeal will be noticed by this Court.  If the
petition for appeal does not contain assignments of error, it shall be dismissed.").

Appellant, age twenty-one, resided with a married couple in Prince George County. On November 4, 2008, Detective Anthony Reed of the Prince George County Police Department executed a search warrant at that residence.[2] Among the items seized during the execution of the search warrant were a video camera and a cell phone belonging to appellant. The video camera contained a nude video of K.T., filmed by appellant when K.T. was under eighteen years old.

Appellant's cell phone contained three photographs of K.T., each showing her exposed breasts. K.T. took the photographs of herself showing her bare breasts with her cell phone and sent them to appellant's cell phone via picture messaging. At the time the photographs were taken and sent, K.T. was seventeen years and ten months old. K.T. testified that she and appellant were boyfriend and girlfriend at the time the photographs were taken and retained that relationship at the time of appellant's trial.

Child pornography is "sexually explicit visual material which utilizes or has as a subject an identifiable minor." Code § 18.2-374.1(A). "Sexually explicit visual material" is defined, in part, as "a picture, photograph, . . . digital image, . . . or similar visual representation which depicts . . . a lewd exhibition of nudity, as nudity is defined in [Code] § 18.2-390 . . . ."[3] Id.

"This Court considered the meaning of the terms 'lewd, lascivious or indecent' in Dickerson v. City of Richmond, 2 Va. App. 473, 346 S.E.2d 333 (1986)." Foster v. Commonwealth, 6 Va. App. 313, 329, 369 S.E.2d 688, 697 (1988).

> "We have defined 'lascivious' to mean 'a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite.' 'Lewd' is a synonym of

---

[2] The search warrant was issued in an unrelated case after police received reliable information that a computer belonging to someone other than appellant in that residence contained child pornography images and videos.

[3] Code § 18.2-390(2) defines nudity, in part, as "the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple . . . ."

'lascivious' and 'indecent.'  Webster's Third New International Dictionary 1301 (1949)."

Dickerson, 2 Va. App. at 479, 346 S.E.2d at 336 (quoting Pederson v. City of Richmond, 219 Va. 1061, 1065, 254 S.E.2d 95, 98 (1979) (citations omitted)).  Appellant does not dispute that he possessed the three photographs at issue.  However, he contends that none of the three photographs he possessed were lewd and that the photographs were not child pornography as defined in Code § 18.2-374.1(A).

The evidence presented at trial proved that K.T. was under eighteen years old when she sent the three nude photographs exposing her breasts to appellant via cell phone picture message.  K.T.'s face was clearly visible in two of the photographs and partially visible in the third photograph.  In one photograph, the trial court noted that K.T. had "the breast entirely exposed" and was "naked from the waist up."  The trial court found that the three photographs were sexually explicit and

> conscious efforts to expose, for want of a better word, a relatively
> sultry pose for whatever purpose the viewer may get out of it.  But
> this is not simply a nipple exposed under a garment or anything.

Appellant argues that our previous holdings in Foster and Franz v. Commonwealth, 9 Va. App. 348, 388 S.E.2d 273 (1990), where we concluded that naked photographs of juveniles were not lewd, control our decision in this case.  We disagree.  In Foster, the Court held that photographs of a female's exposed nipples, *without more*, did not meet the lewd exhibition of nudity requirement of Code § 18.2-374.1.  6 Va. App. at 329, 369 S.E.2d at 698.  In Franz, we held that photographs of nude teenage boys "just standing there" or "walking around" was not sufficient to establish that the photographs constituted a lewd exhibition of nudity.  9 Va. App. at 353-54, 388 S.E.2d at 276.  Here, the trial court expressly found that the three nude pictures of K.T., who was less than eighteen years old, portrayed her naked breasts in "a relatively sultry

- 3 -

pose." It concluded the evidence was sufficient to meet the "sexually explicit" requirement of Code § 18.2-374.1(A).

When considering on appeal the sufficiency of the evidence presented below, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). Under this standard, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 662, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). It asks instead whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

From the record on appeal, we cannot conclude that the trial court erred in finding the three photographs constituted lewd exhibitions of nudity. Accordingly, we affirm appellant's convictions for possession of child pornography.

Affirmed.