COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Clements and McClanahan
Argued at Richmond, Virginia


JAMES PERRY CASON

                                                    MEMORANDUM OPINION* BY
v.       Record No. 1433-04-2              JUDGE ELIZABETH A. McCLANAHAN
                                                        APRIL 5, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FLUVANNA COUNTY
John R. Cullen, Judge

James R. Cooke, Jr., for appellant.

Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


James P. Cason was convicted in a bench trial of possession with intent to distribute

marijuana in violation of Code § 18.2-248.1.  On appeal, he contends that the evidence was

insufficient to prove his constructive possession of the marijuana found in the residence.  For the

following reasons, we affirm his conviction.

I.  Background

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  That principle

requires us to "'discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and *all fair

inferences to be drawn therefrom*.'"  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d

755, 759 (1980) (emphasis in original and citation omitted).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Applying that standard of review, the evidence showed that Brenda Moore, Cason's aunt, authorized Cason and his girlfriend, Kayla Ballard, to move into a residence that had been solely owned and occupied by Moore's mother until the time of her death. Moore and her sister, Joan Christian, were heirs to the estate, while Christian was appointed executor of the estate. Cason and Ballard moved into the residence before the personal property belonging to the deceased mother had been removed. However, Christian did not want Cason and Ballard living in the residence, so she initiated legal proceedings to remove them.

The Fluvanna County Sheriff's Department executed a search warrant of the residence based on information received from Christian. Christian had driven by the residence and had seen Ballard's vehicle there. After the vehicle was gone, she returned with her husband and entered the residence using her key. Christian told the police that in the residence she saw smoking devices, a small scale, and a "roach" on a kitchen cabinet.

Later, that same day, Christian admitted the officer into the residence. The officer initially noticed two smoking devices, commonly referred to as "bongs." Subsequently, the officer obtained a search warrant and executed it with other officers. After the officers entered the residence, on a living room table in plain view, they found bongs, rolling papers, razor blades, miniature Ziploc baggies, a humidor drug test kit, and a smoking device known as a "bowl," which had some apparent residue. In a locked gun case, the officers discovered a marijuana bud, a sock containing approximately $300, an empty cigarette pack with cash inside, an inactive hand grenade, two shotguns and one rifle. In the wood paneling of a wall between a corner of the kitchen and the hallway, the officers found two additional rifles. In a back bedroom, the officers found a .25 caliber handgun. In another back bedroom, the officers discovered a small amount of marijuana, a smoking device and rolling papers on a table. The

walls were spray painted with messages of profanity and pictures of different types of marijuana plants.

Neither Cason nor Ballard was present when the search warrant was executed. They arrived at the residence after the search had been completed. Thereafter, both were arrested. After the original charges were *nolle prossed*, Cason told an investigator that he would like to pick up his guns and his money that the deputies took from his home. At trial, Christian testified that she did not know of any guns that her mother had in the trailer at the time of her death.

## II. Analysis

When addressing a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Seaton v. Commonwealth, 42 Va. App. 739, 746, 595 S.E.2d 9, 12 (2004) (citation omitted). Under this standard, we ask whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original); see also Seaton, 42 Va. App. at 747-48, 595 S.E.2d at 13; Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003).

Constructive possession of the drugs can be shown by "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the accused was aware of both the presence and character of the substance and that it was subject to his dominion and control." Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004) (internal brackets and citation omitted); Kelly, 41 Va. App. at 260, 584 S.E.2d at 449. "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." Williams, 42 Va. App. at 735, 594 S.E.2d at 311. "To be sure, in drug cases no less than any

other, it 'is axiomatic that any fact that can be proved by direct evidence may be proved by circumstantial evidence.'" Haskins v. Commonwealth, 44 Va. App. 1, 6, 602 S.E.2d 402, 404 (2004) (quoting Etherton v. Doe, 268 Va. 209, 212-13, 597 S.E.2d 87, 89 (2004)).

The evidence in this case supports the rationality of the trial court's findings. The evidence disclosed that Cason had been living in the residence with his girlfriend, Ballard. In a search of the residence, officers found marijuana in varying quantities, various smoking devices, drug measuring and packaging equipment, guns, and money. The money and several of the guns were found in a locked gun case. After the initial charge against Cason had been *nolle prossed*, Cason asked the investigator to return *his guns* and *his money* that were taken out of *his home*. The reasonable inference that flows from that statement is that Cason claimed ownership of the guns and money in the locked gun case. Although several guns were found in the residence, the only money found in the residence was discovered in the gun case, from which the marijuana was also retrieved. Taken together with all of the other evidence, the fact that the money and guns the defendant admitted owning were found in the gun case with drugs established that the defendant was aware of the nature of the marijuana and exercised dominion and control over it. Shurbaji v. Commonwealth, 18 Va. App. 415, 423, 444 S.E.2d 549, 553 (1994) ("the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion" (citations omitted)).

Although Cason argued that Ballard may have placed the money in the gun safe, and suggested in the alternative, that Christian planted the drugs in the residence because of her "disdain" for Cason, the trial court was entitled to reject these theories and accept the Commonwealth's version of the facts. See Kelly, 41 Va. App. at 260-61, 584 S.E.2d at 449 (recognizing that prosecution need not eliminate the mere "'possibility that someone else may have planted, discarded, abandoned or placed'" the drug evidence (quoting Brown v.

- 4 -

Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (*en banc*))). In doing so, the trial judge did not abuse his discretion. Jackson, 443 U.S. at 319 (the duties of the trier of fact include resolving conflicts in the testimony and weighing the evidence). See generally Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004) (noting that the fact finder may discount an accused's self-serving explanation as a mere effort at "lying to conceal his guilt"); Dugger v. Commonwealth, 40 Va. App. 586, 594 n.2, 580 S.E.2d 477, 481 n.2 (2003).

## III. Conclusion

For these reasons, we hold that the evidence was sufficient to prove that Cason constructively possessed the marijuana. We, therefore, affirm his conviction.

Affirmed.