COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


ALEX VAUGHAN AIRHART

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1219-05-2                JUDGE JOHANNA L. FITZPATRICK
                                                         JANUARY 16, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Barnard F. Jennings, Judge Designate

Tara-Beth Coleman, Assistant Public Defender (Dov Szego,
Assistant Public Defender, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Alex Vaughan Airhart was convicted of harassment by computer in violation of Code

§ 18.2-152.7:1. He argues the evidence was insufficient to prove that his communication with

the victim was obscene and that he intended to coerce, harass or intimidate her. Airhart also

argues the trial court erred in admitting evidence of a prior bad act. We hold that the evidence,

under the facts of this case, was insufficient to prove his communication was obscene, and, thus,

we reverse and dismiss his conviction[1] without considering whether he acted with an intent to

coerce, harass or intimidate and whether the trial court erred in admitting evidence of a prior bad

act.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Because we reverse on this issue, we do not address appellant's other issues raised.

BACKGROUND

Airhart and the victim were college students who met as transfer students in January 2004. They lived in the same dormitory and corresponded by instant messaging on their computers. In April 2004, the victim requested a study guide from appellant who responded: "If you fuck me, I'll give you your study guide." The victim and her roommate testified that she was upset and frightened by the incident. The victim reported it to "Officer Smith" who told her to come to the station, but she was too frightened to do so. That was the last messaging until the fall semester began.

On August 26, 2004, Airhart and the victim exchanged an instant message in which Airhart told the victim to leave his roommate alone and called her an "Italian whore." Airhart also repeatedly wrote "fuck you" in the message. The victim asked Airhart to "stop talking" to her via an instant message. Airhart then wrote, "I'm going upstairs." Airhart lived on the first floor of the dormitory, and the victim lived on the third floor. The victim stated that she "was upset . . . offended . . . scared" by Airhart's instant messages and notified the police who later arrested Airhart. On cross-examination, the victim admitted that she had used the word "fuck" in prior instant message communications with Airhart. The August 2004 communication was the basis for the charge.

ANALYSIS

Airhart contends that the evidence was insufficient to prove a violation of Code § 18.2-152.7:1 because the words "Italian whore" and "fuck" as used in his August 2004 instant messages were not obscene and were not used with the intent to harass, but rather were used as a means to express his irritation and frustration with the victim.

"When faced with a challenge to the sufficiency of the evidence, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly

wrong or without evidence' to support it." Crowder v. Commonwealth, 41 Va. App. 658, 662,

588 S.E.2d 384, 386 (2003) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d

444, 447 (2003) (*en banc*)). Thus, we do not "substitute our judgment for that of the trier of

fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead

the relevant question is whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson v.

Virginia, 443 U.S. 307, 319 (1979)).

Code § 18.2-152.7:1 provides:

> If any person, with the intent to coerce, intimidate, or harass any
> person, shall use a computer or computer network to communicate
> obscene, vulgar, profane, lewd, lascivious, or indecent language, or
> make any suggestion or proposal of an obscene nature, or threaten
> any illegal or immoral act, he shall be guilty of a Class 1
> misdemeanor.

While we have not yet addressed Code § 18.2-152.7:1, we have interpreted a similarly

worded statute, Code § 18.2-427. It provides:

> If any person shall use obscene, vulgar, profane, lewd, lascivious,
> or indecent language, or make any suggestion or proposal of an
> obscene nature, or threaten any illegal or immoral act with the
> intent to coerce, intimidate, or harass any person, over any
> telephone or citizens band radio, in this Commonwealth, he shall
> be guilty of a Class 1 misdemeanor.

In Allman v. Commonwealth, 43 Va. App. 104, 596 S.E.2d 531 (2004), the defendant

telephoned an attorney who had represented a party in a civil suit against him and repeatedly

referred to the attorney as a "pussy." We reversed and dismissed the conviction, finding that the

language used by the defendant was not obscene. Id. at 111-12, 596 S.E.2d at 535. We noted

that Code § 18.2-427 did not define obscenity, but reasoned the Code of Virginia is one body of

law, and other sections may be referenced to where the same phraseology is used, and adopted

- 3 -

the definition of obscenity found in Code § 18.2-372.  Id. at 109, 596 S.E.2d at 534.  Code

§ 18.2-372 defines obscene as:

> that [1] which, considered as a whole, has as its dominant theme or purpose an appeal to the prurient interest in sex, that is, a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse, and [2] which goes substantially beyond the customary limits of candor in description or representation of such matters and [3] which, taken as a whole, does not have serious literary, artistic, political or scientific value.

The first two prongs of the obscenity test codified in Code § 18.2-372 "involve 'primarily

factual issues, to be measured by "contemporary community standards."'"  Allman, 43 Va. App.

at 111, 596 S.E.2d at 534-35 (quoting State v. Harrold, 593 N.W.2d 299, 312 (Neb. 1999)).  "As

to the third prong . . . 'the appellate court should apply a *de novo* review . . . since this

determination does not depend upon community standards.'"  Id. at 111, 596 S.E.2d at 535

(quoting Harrold, 593 N.W.2d at 313).

The word "whore" is defined as "a woman who practiced unlawful sexual commerce; one

who prostitutes her body for hire."  Webster's Third New International Dictionary 2612 (1993).

The word "fuck" is defined as "to engage in coitus with - sometimes used interjectionally with an

object (as a personal or reflexive pronoun) *to express anger, contempt, or disgust*."

Merriam-Webster's Collegiate Dictionary 505 (11th ed. 2004) (emphasis added).

Under these circumstances, we hold, using the definition of obscene set forth in Code

§ 18.2-372, and the requisite standard of review, Airhart's use of the word "whore" and repeated

use of "fuck you," were insufficient to permit a reasonable trier of fact to conclude the references

were obscene.  See Cohen v. California, 403 U.S. 15, 20 (1971) (finding that "[w]hatever else

may be necessary to give rise to the States' broader power to prohibit obscene expression, such

expression must be, in some significant way, erotic").  Although the words "whore" and "fuck"

are sexually explicit, Airhart's usage of the words was not erotic and did not have the purpose to

appeal to a prurient interest in sex, but was used in a communication where he told the victim to leave his roommate alone. Airhart's use of these words, while offensive and coarse, was a method to show his anger, contempt, or disgust with the victim and to direct her away from his roommate. Thus, the words failed to meet the definition of obscene as required by Allman and Code § 18.2-372.

Accordingly, Airhart's conviction for harassment by computer in violation of Code § 18.2-152.7:1 is reversed and dismissed.

Reversed and dismissed.

McClanahan, J., concurring.

I concur in the result, but only because I believe we are bound by the *ratio decidendi* of Allman v. Commonwealth, 43 Va. App. 104, 596 S.E.2d 531 (2004). In my opinion, Allman incorrectly adopted the definition of "obscene" in Code § 18.2-372 to apply to Virginia's telephone harassment statute, Code § 18.2-427, reasoning that the Code of Virginia is one body of law. By its own terms, however, Code § 18.2-372 is expressly limited to Article 5 of Title 18.2, Chapter 8, addressing crimes involving obscene materials—not crimes proscribing harassing conduct. ("The word 'obscene' *where it appears in this article* shall mean . . . ." Code § 18.2-372 (emphasis added)).[2]

Allman then wrongly imported pure *First Amendment* free speech principles to limit the proscription of this harassment statute to only words of intimidation that "appeal to the prurient interest in sex," i.e., words that meet the definition of "obscene" for purposes of *First Amendment* analysis. The statute in this case (Code § 18.2-152.7:1), like the one at issue in Allman (Code § 18.2-427), proscribes intimidating, harassing conduct—not merely speech.[3] The words used to exhibit such conduct are not protected speech under the *First Amendment*. See Virginia v. Black, 538 U.S. 343 (2003); Watts v. United States, 394 U.S. 705 (1969). As the United States Supreme Court explained in Black, "the *First Amendment* . . . permits a State to ban a 'true threat.'" Black, 538 U.S. at 359 ("'Threats of violence are outside the *First*

---

[2] Code § 18.2-427, at issue in Allman, is located in Article 6 of Title 18.2, Chapter 9. Code § 18.2-152.7:1, at issue in this case, is located in Article 7.1 of Title 18.2, Chapter 5.

[3] Though the majority need not address the harassment issue since its decision is based on the definition of "obscene" in Code § 18.2-372, as interpreted by Allman, Airhart's communications with the victim clearly showed he intended to use his computer to harass and intimidate her. The language he used throughout the message was intimidating and coercive. Additionally, he threatened to go upstairs where the victim and her dorm room were located. The trial judge, after viewing the witnesses and weighing their credibility, found that Airhart intended in his instant message to harass the victim.

*Amendment*.'" (quoting <u>R.A.V. v. City of St. Paul</u>, 505 U.S. 377, 388 (1992))). And

"[i]ntimidation in the constitutionally proscribable sense of the word is a type of true threat." <u>Id.</u>

at 360. Because the statute here and in <u>Allman</u> address threatening and harassing conduct, the

definition of "obscene" under a pure *First Amendment* free speech analysis does not apply.