COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Beales and Lorish
Argued at Richmond, Virginia

CHRISTINE SOLEM

MEMORANDUM OPINION* BY
v.      Record No. 0884-22-2      JUDGE LISA M. LORISH
                                   NOVEMBER 28, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
H. Thomas Padrick, Jr., Judge Designate

Norman H. Lamson for appellant.

William K. Hamilton, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Whole Foods Market banned Christine Solem from entering its stores.  After being

notified of the ban, Solem returned to the Whole Foods store in Charlottesville at least four

times.  As a result, she was convicted of four counts of trespassing.  Solem appeals, arguing that

Whole Foods improperly banned her for refusing to wear a mask during the COVID-19

pandemic due to a medical condition and that the Virginia Governor's Executive Order 72

invalidated the store's trespass notice.  Because the record does not show that Solem was banned

for refusing to wear a mask or other face covering—and because a private business would be

entitled to enforce a stricter face covering policy than the one required by Executive Order 72—

we affirm the trial court's judgment.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

Solem shopped at Whole Foods for many years. But following an "interaction" with an assistant manager of the Charlottesville store, Matt Williams, in December 2020, Solem was banned from all Whole Foods stores. As discussed below, the particulars of that interaction are absent from the record. But what happened after the interaction is clear. Whole Foods' legal counsel wrote a letter to Solem, to be delivered by personal service, informing her that she was "no longer permitted to enter any Whole Foods Market . . . ." The letter did not state the reason for the ban. On January 5, 2021, Solem went to the Whole Foods in Charlottesville and an assistant manager, John Boyce, handed her the letter and orally told her that she was not allowed on the premises.

Solem wrote a letter responding to Whole Foods' legal counsel, arguing that the ban violated Virginia Governor's Executive Order 72. This order mandated that individuals wear face coverings indoors unless they qualified for an exemption. One such exemption was for "[p]ersons with health conditions or disabilities that prohibit wearing a face covering." Persons claiming the exemption were not "required to produce or carry medical documentation verifying the stated condition" or "required to identify the precise underlying medical condition."

Despite being banned from the store, Solem returned to Whole Foods at least four times over the next few weeks and provided employees with copies of the response letter she sent to Whole Foods' legal counsel. Solem asserted that she did not need to wear a mask in the store

---

[1] "Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

and that the executive order protected her from having to disclose the basis of her claimed exemption. Each time, employees advised Solem that she was banned, and at one point told her, "[I]t wasn't about the mask, it was about disruption in business." Each time, Solem declined to wear a mask and refused other options that Whole Foods offered, including having Whole Foods shop for her personally or having her groceries delivered.

Solem was charged with four counts of trespassing. She moved to dismiss those charges, arguing that she was banned for not wearing a mask and that the trespass notice was "invalid because [it was] in conflict with" the executive order. Solem argued that the executive order restricted private businesses from adopting policies that "exceed[ed]" or went "below the state's policies as expressed in [the executive order]." As such, Solem claimed that the order "overrides any store policy regarding masks, and disables the store from issuing a valid trespass notice when the basis is a claim of medical exemption." Though Solem conceded that Whole Foods was a private entity, she argued that the company was acting as a state agent and that "all businesses . . . were acting as state actors" due to the executive order.

At trial, three managers from Whole Foods testified about their interactions with Solem. None of them testified that her refusal to wear a mask was the reason for her ban. When the store team leader, Timothy Martin, was asked if the store had "any issues" with Solem, he testified that there had been an "incident" with her in December. Solem objected to further testimony from Martin about the incident because he was not personally present when it occurred. The trial court did not rule on the objection, and the prosecutor moved on. Then, Martin testified, without objection, that Whole Foods made the decision to ban Solem following the unspecified "incident" in December. On cross-examination, when asked if the "root" of the problem was that Solem would not wear a mask, the team leader started to respond, "[w]ell, we offered alternatives to her besides wearing" before Solem's counsel interrupted with another

- 3 -

question. Solem also objected when the prosecutor asked another employee to "describe generally any issues that your store was having with Ms. Solem" prior to the ban.

When Solem took the stand in her own defense, she testified that "sometime in December" 2020, she and assistant manager Williams discussed the store's mask requirement and that Williams told her she could not "shop here without a mask." According to Solem, she told Williams that she had "a medical exemption," but provided no further details. Solem also testified that "about . . . a month . . . later," she returned to Whole Foods, and Williams would not let her check out her groceries. She stated that they "had a discussion about the masks, and he said people were dying and so on." She testified that Williams asked if she would be tested, to which she responded in the negative, and that at one point she was offered a face shield, which she refused. Solem described these interactions as "confrontations" and said she "argued" with Williams about the store's policy, which differed from the executive order. Neither party elicited testimony from Williams about any interactions he had with Solem in December. Moreover, Solem never testified that anyone told her that she was banned for refusing to wear a face covering.

After hearing testimony and reviewing the evidence, the trial court convicted Solem of all four trespassing charges. She appeals.

ANALYSIS

Solem argues that the evidence was insufficient to support her convictions. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"

- 4 -

*Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, this Court 'ask[s] whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Pick v. Commonwealth*, 72 Va. App. 651, 667 (2021) (alteration in original) (quoting *Crowder v. Commonwealth*, 41 Va. App. 658, 663 (2003) (internal quotation marks omitted)).

Solem concedes that she went back to Whole Foods at least four times after receiving notice that Whole Foods had barred her from its stores.[2] She challenges her trespass convictions by arguing that she was banned for an improper reason—refusing to wear a mask despite having a medical condition. Moreover, she argues that the executive order "overrides any store policy regarding masks, and disables the store from issuing a valid trespass notice when the basis is a claim of medical exemption." She contends that when the Governor issued the executive order, he intended to forbid trespassing bans that targeted those who declined to wear a face covering because they had a "medical condition [that] prevented them from wearing a mask." For that reason, Solem concludes that Whole Foods violated the executive order when it barred her from entering its stores and that this Court should vacate her trespassing convictions.

While a defendant may challenge a trespassing conviction by showing that the underlying trespass notice was unconstitutional or otherwise invalid, we agree with the trial court that Solem made no such showing here.

---

[2] The offense of trespassing is found in Code § 18.2-119, which states:

> If any person without authority of law goes upon or remains upon the . . . buildings or premises of another . . . after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian, or the agent of any such person, . . . he shall be guilty of a Class 1 misdemeanor.

In Virginia, a defendant can contest her trespassing conviction by attacking the constitutionality of an underlying trespass notice. *See Commonwealth v. Hicks*, 267 Va. 573 (2004) (reviewing a constitutional challenge to the Richmond Redevelopment and Housing Authority's trespass policy); *see also Collins v. Commonwealth*, 30 Va. App. 443, 450 (1999) (analyzing a First and Fourteenth Amendment challenge to a trespass notice). The defendant bears the burden of proving that the trespass notice violated her constitutional rights. *See Collins*, 30 Va. App. at 452 (finding no constitutional issue with a trespass notice based on "appellants['] fail[ure] to present facts demonstrating . . . an interest protected by the First Amendment").

Here, Solem has failed to prove that the trespass notice violated her constitutional rights or was otherwise improper. She asserts that Whole Foods banned her because she refused to wear a face covering, but the record does not support her claim. No testimony or other evidence shows that Whole Foods banned Solem for failing to wear a face covering.[3] Solem admits that she had "confrontations" with store staff around the same time that Whole Foods barred her from the store. During one of her repeated visits to the store after she received notice that she was barred, an employee told her, "[I]t wasn't about the mask, it was about disruption in business." Because "we recite the evidence below 'in the "light most favorable" to the Commonwealth,'" we will not presume that Whole Foods banned her because she declined to wear a face covering. *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (citation omitted).

Even if we could infer from the evidence that Whole Foods barred Solem for refusing to wear a face covering, this would not invalidate her trespass convictions. Whole Foods, as a private business, has the right to control who enters its property. "The right to exclude others is

---

[3] In fact, Solem's counsel twice objected when Whole Foods employees were asked what happened during the December "incident."

- 6 -

generally 'one of the most essential sticks in the bundle of rights that are commonly characterized as property.'" *Palmer v. Atl. Coast Pipeline, LLC*, 293 Va. 573, 581 (2017) (quoting *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1011 (1984)). Indeed, even a person's sincerely held beliefs do not supersede a private entity's right to remove that person from privately held property. *See, e.g.*, *Hall v. Commonwealth*, 188 Va. 72 (1948) (holding that prosecuting a Jehovah's Witness for going into a privately owned apartment building to deliver religious tracts did not infringe upon his freedoms of speech, assembly, or worship). As long as Whole Foods does not violate existing constitutional or statutory law, it may control who enters—or does not enter—its property. *See* Code § 18.2-119.

Because Whole Foods is a private business, Solem's attempt to use Executive Order 72's exemption provision to shield her from criminal liability for trespassing fails. Solem argues that this order restricted private businesses from adopting policies that "exceed[ed]" or went "below the state's policies." Her argument is unfounded. Nothing in the order says as much, and we cannot read additional language into the executive order when the plain language is unambiguous. *English v. Quinn*, 76 Va. App. 80, 88, 90 (2022) (applying "[w]ell-established principles of interpretation" to guide the analysis of executive orders and refusing "to add words not found in [their] text").

We also reject Solem's contention that Whole Foods was so "inextricably entangled" with the state that it was "not merely acting as a private actor, but as a state actor." Whole Foods was operating under a national corporate policy on COVID-19 precautions that applied to all Whole Foods stores across the country and which was in effect in December 2020. Solem produced no evidence suggesting that this national policy was instituted after, or was in any way influenced by, the Virginia Governor's Executive Order 72. Even if Whole Foods had adopted

the policy in response to the executive order, it cannot be the case that anytime a company tries to comply with the law of the Commonwealth, the company transforms into an agent of the state.

As a private actor, Whole Foods may prohibit someone from shopping at its stores, which is precisely what it did here. Solem admits that she received notice that she was barred from entering Whole Foods and that she did so anyway at least four times. Nothing about the executive order shields Solem from criminal prosecution.

CONCLUSION

For the reasons outlined above, the judgment of the trial court is affirmed.

*Affirmed*.